(No. 40768.—

*In re* THEOPHELUS BOYKIN.—(The People of the State of Illinois, Appellee, vs. Theophelus Boykin, a minor, Appellant.)

*Opinion filed May 29, 1968.*

WARD, J., took no part.

ROBERT A. SHUKER, of Chicago, for appellant.

WILLIAM G. CLARK, Attorney General, of Springfield, and JOHN J. STAMOS, State's Attorney, of Chicago, (FRED

G. Leach, Assistant Attorney General, Elmer C. Kissane and Robert A. Novelle, Assistant State's Attorneys, of counsel,) for the People.

Mr. Justice Schaefer delivered the opinion of the court:

Theophelus Boykin, a minor, was adjudicated a delinquent in the juvenile division of the circuit court of Cook County, and after a social investigation he was placed on probation. The charge against him was that he had carried a concealed weapon, and in this court he contends that the adjudication of delinquency and the subsequent order of probation must be reversed because the adjudication was based solely on evidence illegally seized in violation of his constitutional rights.

On February 17, 1967, the appellant was a student in a Chicago high school. Two police officers, assigned to the school, were sitting in their squad car in front of the school when the assistant principal sent for them and told them that he had received anonymous information that one of the students had a gun. The officers accompanied the assistant principal and another teacher to a classroom and then waited in the hall outside. The appellant testified that another boy was brought out with him, but the officer testified that only the defendant was brought from the classroom into the hall. One of the officers ordered the appellant not to move his hands and asked if he had a gun. The appellant said he did not, whereupon one officer held his arms while the other removed a gun from his pants pocket. At the hearing which was conducted on the appellant's motion to suppress the evidence of the search, one of the officers testified that the assistant principal had told them that he had received anonymous information that one of the students had a pistol.

The appellant's position is that the search was incident to an arrest, and that no probable cause for the arrest

existed. Therefore, he argues, the evidence should have been suppressed because the search·violated his rights under the fourth and fourteenth amendments to the constitution of the United States and under section 6 of article II of the constitution of Illinois.

In most of the cases involving arrests and searches based upon information furnished by an unidentified informant, the identity of the informant is known to the law enforcement officers and is deliberately withheld. In *McCray* v. *Illinois* (1967), 386 U.S. 300, 18 L. Ed. 2d 62, 87 S. Ct. 1056, the Supreme Court of the United States held that the identity of an informer in a narcotics case need not be disclosed upon a motion to suppress if the arresting officers testify to circumstances that justified them in believing him to be reliable.

The present case differs in many respects. Here the police officers were not deliberately concealing information within their knowledge. They knew only what they had been told, and they were not required to delay until they had ascertained whether the informant was in fact anonymous or whether the assistant principal said that he was in order to avoid future difficulties in the school and the creation of a feud. (See Paulsen, *Kent* v. *United States,* 1966 Sup. Ct. Rev., 167, 180, 189.) In this case, moreover, there is a complete absence of any possible element of gain to the anonymous informant from furnishing false information, and the nature of the potential danger differs from that involved in gambling and narcotics cases. (See, *People* v. *Taggart* (1967), 20 N.Y. Supp. 2d 335, 339, 283 N.Y.2d 1, 229 N.E.2d 581, 584.) The appropriate person to appraise that danger was the school official who is required to maintain discipline and to act "for the safety and supervision of the pupils in the absence of their parents or guardians." Ill. Rev. Stat. 1967, chap. 122, par. 34—84a.

But the result that we reach does not depend upon the statute. Nor are we concerned in this case with whether there

had or had not technically been an arrest when the defendant was searched, (*cf. People* v. *Taggart* (1967), 20 N.Y. 2d 335, 283 N.Y.S. 2d 1, 229 N.E.2d 581; *United States* v. *Barone* (2d cir. 1964), 330 F.2d 543, *cert.* denied, 377 U.S. 1004, 12 L. Ed. 2d 1053, 84 S. Ct. 1940), or whether a valid search of the person may be made whenever there is a valid arrest, however petty the offense. (See, *People* v. *Watkins* (1960), 19 Ill.2d 11, *cert.* denied, 364 U.S. 833, 5 L. Ed. 2d 59, 81 S. Ct. 57.) Categories of this kind are helpful in establishing broad guidelines, but they neither circumscribe the rights of the individual nor limit the authority of the law enforcement officers. The constitutions are concerned with the "unreasonable" search, and the reasonableness of a search may, or may not, depend upon the existence of probable cause to make an arrest.

We hold, therefore, that the motion to suppress was properly denied.

The appellant and his father are indigents, and it is argued that the appellant was deprived of the equal protection of the laws guaranteed by the fourteenth amendment to the constitution of the United States when his applications for free transcripts of the testimony at the adjudicatory and dispositional hearings were denied. Transcripts of both proceedings were subsequently purchased by the office of the appellant's attorney and have been available upon this appeal, so that in a technical sense the contention is moot. The refusal of the trial judge to order that free transcripts be furnished was based upon Rule 607(b) of the rules of this court which provides: "In all cases in which the defendant is convicted of a felony * * * the defendant may petition the court in which he was convicted for a report of proceedings at his trial" and that if the defendant is indigent it shall be furnished to him without charge. (Ill. Rev. Stat. 1967, chap. 110A, par. 607(b).) The offense of carrying a concealed weapon with which the

appellant was charged is a misdemeanor, (Ill. Rev. Stat. 1967, chap. 38, par. 24—1(a)(4),) and the People argue that the denial of the transcript was therefore authorized under our Rule. Our decision in *In re Urbasek,* 38 Ill.2d 535, rested upon the decision of the Supreme Court of the United States in *The Matter of Gault* (1967), 387 U.S. 1, 18 L. Ed. 2d 527, 87 S. Ct. 1428. These decisions make it clear that the line between a felony and a misdemeanor can not be applied to proceedings under the Juvenile Court Act, because regardless of the quality of the immediate offense that produces the adjudication of delinquency a juvenile may be retained in custody until he attains his majority. The appropriate analogy therefore in all juvenile cases is to the felony rather than to the misdemeanor. We have adopted Rule 661 to reflect this fact.

The judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*

Mr. JUSTICE WARD took no part in the consideration or decision of this case.