PEARSON, Judge.
Each of these juvenile respondents appeals from an adjudication of delinquency entered at the conclusion of a joint hearing. The petitions for delinquency grew out of the same incident.
An individual operating a concession on school grounds discovered that the day’s receipts were missing from her purse. School authorities had reason to suspect the two respondents, G. B. F. and W. B., because they had been observed in the school building at approximately 7:10 p. m. when they had no known reason to be there. An assistant principal interviewed G. B. F., *885 who admitted that he and W. B. had taken the money and, in fact, money 'was recovered from both G. B. F. and W. B., as well as from a third party.
At the hearing, the only evidence presented to connect W. B. to the crime was the testimony of the assistant principal concerning the oral confession of G. B. F. When the State rested its case, W. B. moved for a judgment of acquittal on the ground of insufficiency of the evidence. Also, during the progress of the hearing, G. B. F. objected to the admissibility of his oral confession on the ground that the assistant principal “. . . occupies the same status as School Security.”
On this appeal, G. B. F. urges (1) that the trial court erred in ruling that the requirements of Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), do not apply to an assistant principal of a school and (2) that the admission of the oral confession without Miranda warnings violated the juvenile’s constitutional rights under the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Sections 9 and 16, of the Florida Constitution.
Respondent W. B.
We agree that the evidence against W. B. was insufficient to support the adjudication of delinquency. As announced by the Supreme Court of the United States in Bruton v. U. S., 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), the admission of a codefendant’s confession which implicates the defendant in a form not subject to cross-examination deprives the defendant of his right to confront and cross-examine the witness against him. This same rule has been applied in Florida case law. See State v. Hamilton, 240 So.2d 509 (Fla. 3d DCA 1970).
Respondent G. B. F.
We cannot agree with G. B. F.’s contention that he was entitled to Miranda warnings. The decision of the United States Supreme Court in Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), clearly limits the requirements therein to questioning by law enforcement officers. It is forcibly argued that a school official may be an agent of the police and, thereby, become liable to the same restrictions in the questioning of suspects as the police themselves. However, there is nothing in this record to support even a suspicion that the assistant principal who took the statement of G. B. F. was acting in the place of the police or as a police agent. It was simply the job of the assistant principal to investigate complaints originating out of the activities of students on school grounds. As such, he was a school official and not a police official. Therefore, the necessity for Miranda warnings did not exist. We have been cited to no case holding otherwise and the State has cited two cases supporting this position. See Doe v. State, 88 N.M. 347, 540 P.2d 827 (N.Mex.App.1975), and People v. Shipp, 96 Ill.App.2d 364, 239 N.E.2d 296 (Ill.App.1968).
Therefore, the adjudication of delinquency against the juvenile W. B. is reversed and the adjudication of delinquency against the juvenile G. B. F. is affirmed.