BERANEK, Judge.
Defendant appeals her conviction and sentence for receiving stolen property. The court adjudicated defendant guilty and sentenced her to five years.
A home was burglarized by several juveniles who stole, among other things, a .22 caliber revolver. The police arrested one of the juveniles involved who told them one of the other suspects was at the home of defendant, Wanda Fungone. Although there is conflict in the evidence, the police went to the Fungone home where they found the juvenile suspect hiding under a bed. This particular juvenile suspect had recently escaped from the Okeechobee School for Boys. Mrs. Fungone was arrested for child abuse and obstructing a police officer in the lawful exercise of his duty. The juvenile was taken into custody for burglary and for escaping from the Okeechobee Boys’ School.
In the eventual trial, the arresting officer testified that the juvenile suspect stated that he had sold the .22 caliber revolver to the defendant who knew it was stolen. On appeal defendant asserts that her objection to this evidence was erroneously overruled and that the admission of this evidence constituted prejudicial error. We agree and reverse.
The juvenile suspect was present and available to testify but was not called as a witness. It was improper to allow introduction of the hearsay testimony from the investigating police officer over defendant’s objection. There was an issue presented as to whether defendant knew the gun was stolen. The officer’s testimony that the juvenile said defendant knew it was stolen was clearly hearsay and under these circumstances was prejudicial. In W. B. v. State, 356 So.2d 884 (Fla. 3d DCA 1978), the only evidence connecting defendant to the crime was the testimony of a school official concerning a second juvenile’s oral confession which implicated the first juvenile. The Third District Court of Appeal applied the United States Supreme Court ruling in Bruton v. U. S., 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), and held that the admission of the confession implicating the defendant in a form not subject to cross-examination had the effect of depriving defendant of his right to confront and cross-examine the witnesses against him. See also State v. Hamilton, 240 So.2d 509 (Fla. 3d DCA 1970). Similarly, we conclude that the admission of this improper evidence requires that the conviction and sentence below be vacated and the case remanded for a new trial.
Under these circumstances, we feel it necessary to also comment upon the trial court’s denial of the defendant’s request to disclose the confidential section of the pre-sentence investigation report prior to sentencing. We have reviewed the pre-sen-tence investigation report and find it contains factual information. Consequently, if defendant is retried and convicted, the trial court should disclose the factual matters contained within the confidential portion of the pre-sentence investigation report to her. Dickens v. State, 368 So.2d 950 (Fla. 1st DCA 1979); Spooner v. State, 354 So.2d 1248 (Fla. 4th DCA 1978).
REVERSED AND REMANDED.
ANSTEAD and MOORE, JJ., concur.