*See Sullivan v. State*, 716 P.2d 684 (Okl. Cr.1986) and *Rushing v. State*, 676 P.2d 842 (Okl.Cr.1984).

 STATE of Oklahoma, Appellant,

v.

M.A.L., Appellee.

No. S–88–361.

Court of Criminal Appeals of Oklahoma.

Nov. 23, 1988.

David L. Moss, Dist. Atty., Lynn A. Summers, Asst. Dist. Atty., Tulsa, for appellant.

Paula J. Alfred, Asst. Public Defender, Tulsa, for appellee.

## OPINION

BUSSEY, Judge:

M.A.L., a fourteen year old boy, was charged with the crime of Burglary in the Second Degree in the District Court, Juvenile Division, of Tulsa County. He was represented by counsel and waived his right to jury trial. The trial court sustained his demurrer to the evidence and dismissed the cause. From this ruling, the State appeals to this Court on a reserved question of law.

After several burglaries of the school, Sand Springs Central Junior High School assistant principal Robert Brown began an investigation in an attempt to discover the perpetrator of the crimes. He questioned several students including M.A.L., who denied any involvement in the burglaries. However, Mr. Brown obtained some information from other students concerning M.A.L. Mr. Brown called M.A.L. to his office again and confronted him with this information. At this time, M.A.L. confessed to the burglaries. Mr. Brown then called the Sand Springs Police Department, and Sergeant Harold arrived at the school later that day. Sergeant Harold sat in Mr. Brown's office while Mr. Brown once again questioned M.A.L. about the burglaries. The officer then talked to appellee, and he again confessed. Sergeant Harold took appellee into custody and charged him with the burglaries.

Before trial, M.A.L. moved to suppress both confessions. At the hearing on the motion, he called Officer Graham of the police department as a witness. However, Officer Graham did not appear. The trial court sustained the motion to suppress the second confession due to the officer's failure to testify.

The State then presented its first witness, Mr. Brown, at the non-jury trial. The trial court allowed a brief direct examination of the witness before it sustained M.A.L.'s oral motion to suppress the confession made before Mr. Brown. With no other evidence to present, the State rested. M.A.L. demurred to the evidence, and the trial court sustained. The cause was then dismissed.

■ For its first assignment of error, the State argues that the trial court erred by sustaining the motion to suppress the statements made by M.A.L. while the officer was present. From our review of the record, it appears clear that the confession obtained while the officer was present was inadmissible under 10 O.S.Supp., 1986, § 1109(a) which provides:

No information gained by questioning a child ... shall be admissible into evidence against the child unless the questioning about any alleged offense by any law enforcement officer or investigative agency, ... is done in the presence of the parents, guardian, attorney, or legal custodian of the child.

The statute further provides that the child and the present adult custodian must be fully advised of the child's constitutional and legal rights before any questioning may begin. The record indicates that M.A. L. was never informed of his rights and no parent or other adult custodian was present during the questioning. We believe the fact that the principal did much of the questioning has no bearing on our finding. It is clear that this questioning was done for the officer's benefit so that he might obtain the information.

Therefore, we find that the confession made to Officer Harold was inadmissible and the trial court did not abuse its discretion in sustaining the motion to suppress. *Sonnier v. State*, 597 P.2d 771 (Okla.Crim. App.1979). This assignment of error is without merit.

In its second proposition, the State argues that the trial court erred in suppressing the confession made before the school principal. The court sustained M.A.L.'s motion to suppress his statements on the grounds that the principal was acting in an "investigatory capacity", and thus, interrogated him in violation of 10 O.S.Supp.1986, § 1109. The State contends that the statute only applies in custodial settings, and that since this interrogation took place under non-custodial circumstances, the statute should not apply.

We first note that this case involves conduct which occurred on school grounds, but apparently not while M.A.L. was attending class or a school activity. Additionally, the conduct which he confessed to is criminal under 21 O.S.1981, § 1435. The fact that the assistant principal considered it to be school misconduct for which he had authority to impose punishment does not alter the criminal nature of the conduct nor the manner in which he should have interrogated

M.A.L. As the assistant principal began his investigation and questioning, he was under a duty not to violate M.A.L.'s rights granted by both the U.S. Constitution and Oklahoma Constitution. The State asserts that the standards governing school officials' conduct under the U.S. Constitution are more lax than those standards imposed upon law enforcement officers, *citing New Jersey v. T.L.O.*, 469 U.S. 325, 105 S.Ct. 733, 83 L.Ed.2d 720 (1985), in which the U.S. Supreme Court held that the Fourth Amendment as applied to the States through the Fourteenth Amendment "protects the rights of students against encroachment by public officials." *Id.*, at 334, 105 S.Ct. at 1138. The Court further found, though, that this Fourth Amendment right to be free from unreasonable search and seizure, is not protected by a probable cause standard, as it is when law enforcement officers are involved. Rather, the standard to apply to school officials is "reasonable grounds for suspecting that the search will turn up evidence ...", i.e. reasonable suspicion. *Id.* at 342, 105 S.Ct. at 743. This less rigid standard was developed due to the schools' interest in maintaining order.

The State's argument concerning this more relaxed standard, though well supported by authority from the U.S. Supreme Court and other jurisdictions, does not completely address the issue before us. The authorities relied upon by the State address only the constitutional rights of juveniles. We must also consider the rights afforded juveniles by the Oklahoma Legislature when it enacted 10 O.S.Supp.1986, § 1109.

In that regard, the State continues its argument by asserting that U.S. Supreme Court decisions which held that *Miranda* requirements are only necessary in custodial interrogations and decisions of this Court which construe Section 1109, when read together, suggest that the statute only applies to situations where law enforcement officers and the like have taken a juvenile into custody. However, the statute merely provides that "[n]o information gained by questioning a child ... shall be admissible into evidence against the

child unless the questioning about any alleged offense by any law enforcement officer or investigative agency, ... is done in the presence of the parents ... [and] [n]o such questioning shall commence until the child and his parents ... have been fully advised of the constitutional and legal rights of the child ..." The statute clearly states that *no information gained by questioning* is admissible, and we do not believe that this language requires the questioning to occur while the child is in custody before the statute applies. The purpose of the statute's requirement that *Miranda* rights be explained is to enable the person standing in *loco parentis* to counsel and advise the juvenile prior to his making an incriminating statement. *Lee v. State*, 561 P.2d 566, 569 (Okla.Crim.App. 1977). This is true because confessions by juveniles are more suspect than those of adults. *J.D. and D.R.D. v. State*, 558 P.2d 402, 405 (Okla.Crim.App.1976). The purpose of the statute is defeated if officials are allowed to admit confessions into evidence merely because the juvenile was not in police custody. Thus, we agree with and uphold the trial court's finding that the statute expands upon the rights of juveniles granted by the U.S. Constitution and the Oklahoma Constitution. Therefore, the fact that M.A.L. was not in custody has no bearing upon the application of the statute in the instant case.

In applying this construction of Section 1109 and considering the evidence presented, the trial court found that the assistant principal was acting in an investigatory manner. The court based this finding on the following evidence: the assistant principal questioned several students, he questioned M.A.L. at least two times on the same day, he obtained statements incriminating M.A.L., he called the police, he questioned M.A.L. in the presence of a police officer, and he was dealing with criminal activity which was more than a violation of school rules or school policy, i.e., circumstances which law enforcement officers would generally investigate. Thus, having found the assistant principal to have acted in an investigatory manner, the trial court ruled that the language of Section 1109 applied to the assistant principal as a state officer acting in that capacity. We are of the opinion that the trial court carefully considered the evidence in coming to its conclusion and did not abuse its discretion in finding the statute to apply under these facts. We, therefore, agree that the statements by M.A.L. were not admissible in the juvenile proceeding since they were obtained in violation of 10 O.S.Supp.1986, § 1109. That is not to say that school officials cannot question students or that the evidence cannot be used for a school disciplinary proceeding. We merely hold that in order to protect the juvenile's statutory rights, the evidence must be excluded in the case at bar. The assignment is without merit.

For the above and foregoing reasons, the order of the trial court to suppress the confessions is AFFIRMED.

BRETT, P.J., and PARKS, J., concur.