591 So.2d 315 (1991)
In the Interest of J.C., a child, Appellant.
No. 90-3279.
District Court of Appeal of Florida, Fourth District.
December 27, 1991.
Rehearing Denied January 30, 1992.
*316 Richard L. Jorandby, Public Defender, and Nancy Perez, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Dawn S. Wynn, Asst. Atty. Gen., West Palm Beach, for appellee State of Fla.
LETTS, Judge.
This case involved a high school student sent to the principal's office because he allegedly had been smoking marijuana on school grounds. Questioned by the assistant principal, the student freely confessed to possession of marijuana. Present during that interview was a sheriff's deputy assigned to the school as a resource officer. The trial judge ruled that under the circumstances, no Miranda[1] warnings were required. The student appeals the use of his confession at trial. We affirm.
It goes without saying that questioning by law enforcement officers after a person has been taken into custody or otherwise deprived of freedom of action, requires a reading of Miranda rights. However, interrogation by school officials does not. W.B. v. State, 356 So.2d 884 (Fla. 3d DCA 1978). As stated in W.B.: "It was simply the job of the assistant principal to investigate complaints originating out of activities of students on school grounds. As such, he was a school official not a police official. Therefore, the necessity for Miranda warnings did not exist." Id. at 885.
The problem, in the case at bar, is that a sheriff's deputy was also present during the interrogation.[2] We have not been cited to any Florida law on what difference the mere presence of a police officer makes, but we agree with the rationale of a South Carolina decision which held that if the policeman stands mute and does not participate, his mere presence does not "render it a custodial interrogation." In re Drolshagen, 280 S.C. 84, 310 S.E.2d 927 (1984).
However, there is a further complication in the case sub judice because the deputy admitted that he also "could have asked a question or two." Without more, this participation by the deputy would, in our opinion, require the giving of a Miranda warning, but the trial judge here was apparently satisfied that the deputy's contribution was de minimis and, as the judge said, "[I]t doesn't strike me that the questioning was by the police officer." Thus, although we cannot tell from the record what two questions the deputy asked, we conclude that the trial judge did not abuse his discretion. Accordingly, we affirm.
We would stress that this opinion is limited to the facts and circumstances of this particular case. As a general rule, where a student is detained (as the trial judge found this student was) and a law enforcement officer participates in the interrogation, Miranda warnings should be given if the confession is to be admissible.
AFFIRMED.
DOWNEY, J., concurs.
WARNER, J., dissents with opinion.
WARNER, Judge, dissenting.
The trial judge found that there was a legal detention of the child when the police officer questioned the juvenile. That may be subject to debate, but it is a close question and on this evidentiary question I will defer to the trial court. The police officer was asked, "Did he [the juvenile] give you a statement concerning the smoking of marijuana?" The officer stated "yes". The officer then stated that the assistant *317 principal asked most of the questions but that he asked a question or two. Later the officer referred to his questioning of appellant. There is no indication that the questions he asked were only routine questions as name, address, etc., normally attendant to arrest and custody so that Miranda may not apply. See Rhode Island v. Innis, 446 U.S. 291, 100 S.Ct. 1682, 64 L.Ed.2d 297 (1980). That is not the issue here.
I am not aware of a "de minimis" exception to Miranda. Where, as here, the police officer admits to questioning of appellant which would elicit incriminating responses in a custodial setting regarding the commission of a crime, Miranda warnings were required.
NOTES
[1] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
[2] The deputy cannot remember whether he had his uniform on or not on the day in question. We find that irrelevant because all the students at the school knew he was a deputy.