JORGENSON, Judge.
The State appeals from an order suppressing the oral and written statements of V.C. and R.S. For the reasons that follow, we reverse.
A student at North Miami High School identified V.C. and R.S., also students, as two individuals who had robbed him. The victim reported the incident to Hindman, *1281 the assistant principal, on a Friday afternoon. Hindman telephoned the police that afternoon and informed them of the alleged robbery. The following Monday, Hindman asked V.C. to leave class and questioned him in the hallway. V.C. admitted his involvement in the incident. Hindman then told V.C. that a police investigation was possible and took V.C. to the office, where V.C. wrote out a statement describing the incident. The same morning, R.S. had gone to the school’s administrative office to obtain a pass for a previous absence. Hindman saw R.S. in the office and asked to see him. Hindman took R.S. into an empty office, questioned him about the alleged robbery, and warned him that the police could get involved in the matter. R.S. told Hindman about his involvement in the incident and gave a written statement. Neither V.C. nor R.S. ever indicated that they did not want to give the statements. Hindman did not actually know whether a criminal investigation was to take place, but only knew that a police report had been filed.
When V.C. and R.S. were arrested, Hind-man gave their statements to the police. In the delinquency proceedings, V.C. and R.S. moved to suppress those statements on the grounds that they were not freely and voluntarily given and were obtained by virtue of an illegal detention. The trial court, following an evidentiary hearing, suppressed all oral and written statements given by V.C. and R.S., finding that those statements were given in a “ ‘police-like’ atmosphere, where the Assistant Principal worked almost as an agent for the police .... ” The court ruled that “it was incumbent upon school authorities” to safeguard the students’ Fifth Amendment privileges.[1]
The record does not support the trial court’s findings that the statements were coerced. V.C. testified that he willingly gave his statement. R.S. presented no testimony but, according to Hindman, indicated no reluctance to give an oral or written statement. The United States Supreme Court has held that the legality of a school principal’s search of a student depends on the reasonableness of that search in light of the surrounding circumstances. New Jersey v. T.L.O., 469 U.S. 325, 105 S.Ct. 733, 83 L.Ed.2d 720 (1985). The same principle of reasonableness should apply to the Fifth Amendment claims that were raised in this case. The record does not support the trial court’s conclusion that the assistant principal’s actions were unreasonable. There is no evidence that the assistant principal was overbearing or did anything to extract the students’ confessions that was incompatible with our constitutional principles.
There is likewise no evidence in the record to support the trial court’s finding that the students were in custody when they were questioned. Although they were not free to leave, that restriction stemmed from their status as students and not from their status as suspects. Cf. Minnesota v. Murphy, 465 U.S. 420, 104 S.Ct. 1136, 79 L.Ed.2d 409 (1984) (probationer’s obligation to appear before probation officer did not convert otherwise voluntary statements into coerced statements).
Finally, there is no evidentiary support for the trial court’s finding that Hind-man acted as an agent for the police. Hindman testified that, as an assistant principal, he had to deal with students’ disciplinary problems and that the investigations he conducted within the school often yielded information that he would eventually turn over to the police. However, his primary function when dealing with disciplinary problems was to act as a fact-finder for the school system. Hindman’s testimony reveals that he was acting to further the interests of the school, not the police. Because there is no evidence in the record that Hindman was acting as an agent for the police, the trial court erred in *1282 suppressing the statements. Cf. In re J.C., 591 So.2d 315 (Fla. 4th DCA 1991) (assistant principal’s questioning of student in principal’s office while sheriff's deputy present not custodial interrogation, as assistant principal was school official and not police official); W.B. v. State, 356 So.2d 884 (Fla. 3d DCA 1978) (assistant principal who took statement of juvenile was acting as school official and not agent of police when juvenile confessed to him; Miranda warnings not required); compare F.P. v. State, 528 So.2d 1253 (Fla. 1st DCA 1988) (“school official exception” to probable cause requirement for warrantless search not applicable where search carried out at behest of police by School Resource Officer who was employee of Sheriff’s department and had dual role of school official and law enforcement officer), and State v. M.A.L., 765 P.2d 787 (Okla.Crim.App.1988) (assistant principal acted as state officer and not merely as school investigatory official when he questioned student in presence of police and had himself called police).
Accordingly, we reverse the order of suppression and remand for further proceedings consistent with this opinion.
GODERICH, J., concurs.

. The respondents had originally argued that they should have been given Miranda warnings before giving their statements. That argument has been abandoned.