LEVY, Judge.
The State appeals the trial court’s order granting a juvenile’s motion to suppress. For the following reasons, we reverse the order granting the motion to suppress.
After Karen Robinson (hereinafter “Robinson”), an Assistant Principal of a Middle School, received separate reports from four students that D.S., a juvenile and student at the school, had offered to sell drags that he had with him, Robinson explained the situation to Alberto Carvalho (hereinafter “Car-valho”), a second Assistant Principal. Thereafter, both Assistant Principals escorted D.S. to Robinson’s office. When they entered the office, a Dade County Public School Police Officer[1] was sitting at Robinson’s desk doing paperwork. He continued his work as Robinson told the juvenile that she believed that he possessed contraband and told the juvenile to empty his pockets on a table. After D.S. placed a plastic bag with marijuana on the table, Robinson asked the school police officer to come forward. Robinson informed the school police officer that the juvenile had possessed marijuana, which violated public school rules.
The next day, the State filed a Petition for Delinquency against D.S., charging him with possession of marijuana in a public middle school. The juvenile denied the charge and moved to suppress the marijuana, arguing that the school search required probable cause because a school police officer was present in the room where the search was conducted. On February 21, 1996, the trial court granted the motion to suppress, finding that Robinson had a reasonable belief that the juvenile possessed drugs, but that the search required probable cause because a police officer was present, and that the search was not supported by probable cause. The State appeals this order.
In granting the motion to suppress, the trial court erred for three significant reasons, any one of which, considered alone, would require reversal.
First, the trial court relied on M.J. v. State, 399 So.2d 996 (Fla. 1st DCA 1981) to support its ruling. That case states:
Additionally, where a law enforcement officer directs, participates, or acquiesces in a search conducted by school officials, the officer must have probable cause for that search, even though the school officials acting alone are treated as state officials subject to a lesser constitutional standard for conducting searches in light of the loco parentis doctrine.
Id. at 998. Applying M.J. v. State, the trial court ruled that the fact that the search was conducted in the presence of a school board police officer required probable cause to justify the search.
However, the fact that the school police officer was coincidentally inside Robinson’s office doing paper work does not mean that he directed, participated, or acquiesced in the search. The mere presence of the school police officer did not trigger the requirement of probable cause under M.J. v. State. Accordingly, the standard that would be required if the school police officer had participated is irrelevant here since, in fact, he did not participate. In other words, assuming arguendo that M.J. v. State is a correct statement of the law — a notion which we reject below — it was error for the trial court to require probable cause to support the *43 search because the officer did not participate in the search.
Second, the appropriate requirement that should have been applied herein, is reasonable suspicion, the standard applicable to school officials. Accordingly, we decline the trial court’s implicit invitation to use the language featured in M.J. v. State as the standard to which this court must look in deciding the instant case. Specifically, we hold that M.J. v. State does not correctly state the law. Rather, we find that the cases upon which we rely, New Jersey v. T.L.O., 469 U.S. 325, 105 S.Ct. 733, 83 L.Ed.2d 720 (1985), S.D. v. State, 650 So.2d 198 (Fla. 3d DCA 1995), and People v. Dilworth, 169 Ill.2d 195, 214 Ill.Dec. 456, 661 N.E.2d 310 (1996), cert. denied, — U.S. -, 116 S.Ct. 1692, 134 L.Ed.2d 793 (1996), which were decided after M.J. v. State, correctly state the law.
The United States Supreme Court held in New Jersey v. T.L.O. that “the legality of a search of a student should depend simply on the reasonableness, under all the circumstances, of the search.” 469 U.S. at 341, 105 S.Ct. at 742. The reasonableness standard enunciated in Neiv Jersey v. T.L.O. was thereafter used by this court to determine whether the stop and detention of a student by a school security employee was proper. See S.D. v. State, 650 So.2d 198 (Fla. 3d DCA 1995). The majority of decisions filed after the T.L.O. opinion, which deal with police officers in school settings, have been summarized by the Illinois Supreme Court:
Where school officials initiate the search or police involvement is minimal, most courts have held that the reasonable suspicion test obtains. The same is true in cases involving school police or liaison officers acting on their own authority. However, where outside police officers initiate a search, or where school officials act at the behest of law enforcement agencies, the probable cause standard has been applied.
People v. Dilworth, 214 Ill.Dec. at 463, 661 N.E.2d at 317 (citations omitted). We adopt the above language from DUworth and hold that school board police officers, who participate in searches initiated by school officials, or who act on their own authority, need only reasonable suspicion to justify a search.
We specifically hold that a search conducted by a school police officer only requires reasonable suspicion in order to legally support the search, as distinguished from the probable cause that is usually required to support a search conducted, away from the school property, by an outside police officer who is employed by a municipal or county governmental entity unrelated to the school district or its employees and officials. Consequently, even if the school police officer had directed, participated, or acquiesced in the search herein, only reasonable suspicion, rather than probable cause, would have been required to justify the search herein, since the school police officer is a school official who is employed by the district School Board.
Third, and finally, we find that the record in this case contains more than ample probable cause, if such a standard were to be required herein, to support the legality of the search that took place in this case. See State v. Butler, 655 So.2d 1123 (Fla.1995).
Accordingly, and for each of the reasons discussed above, the trial court was in error in suppressing the evidence. This cause is remanded with directions to deny the defendant’s motion to suppress and for further proceedings consistent herewith.
Reversed and remanded with directions.

. See Section 230.23175, Florida Statutes.