ALTENBERND, Judge.
J.A.R. appeals his delinquency adjudications for committing the offenses of possession of a firearm on school grounds, carrying a concealed weapon, and possession of a firearm by a minor. The supreme court has rejected the contention that multiple adjudications for these offenses arising from a single criminal episode violate the prohibition against double jeopardy. See M.P. v. State, 682 So.2d 79 (Fla.1996). Therefore, we affirm on that issue. JA.R. also challenges the denial of his motion to suppress a handgun that was seized from his person on the first day of school by a deputy sheriff in the presence of an assistant principal. We affirm that denial because the two men had reasonable suspicion of criminal activity that permitted either of them to isolate the 14-year-old boy from his classmates and to conduct a pat-down search for the weapon. The fact that the school official prudently asked a law enforcement officer to assist in this search does not increase the level of suspicion needed to perform a pat-down of a student to determine if he or she possesses a dangerous weapon.
Seth McKell Middle School began the 1994-95 school year on August 15, 1994. On the first afternoon, a student in the eighth grade told a teacher that a classmate, J.A.R., had a gun. The teacher sent the student informant to the principal’s office with a note reporting the problem. When the assistant principal read the note, he asked whether the student was sure, and the student indicated that he was.
The assistant principal, who was newly assigned to the school, called the “school resource officer.” This officer is a deputy sheriff assigned to the school The assistant principal explained to the deputy that a student was reported to have a gun. The two men went to a portable classroom and asked the teacher to identify J.A.R. One of the men asked J.A.R. to come outside the classroom. Once outside, the deputy asked J.A.R. whether he had a gun. J.A.R. admitted that he did. The deputy then performed a pat-down and felt the holstered pistol in the boy’s waistband. He was arrested and charged with possession of a firearm on school grounds, carrying a concealed weapon, and possession of a firearm by a minor.
J.A.R. argues that because he was “in custody” of a law enforcement officer during the questioning outside the classroom, he was entitled to Miranda[1] warnings.* See In re J.C., 591 So.2d 315 (Fla. 4th DCA 1991); W.B. v. State, 356 So.2d 884 (Fla. 3d DCA 1978). He maintains that because he was not advised of his right to remain silent, his statement during the questioning could not provide probable cause to search him for the weapon. We do not reach the merits of this issue, because, as we will explain, the deputy could have permissibly patted down J.A.R. for weapons without J.A.R.’s admission that he was carrying a gun. Thus, any error in questioning J.A.R. without advising him of his right to remain silent would be harmless because the firearm would have been discovered inevitably even without his admission. See Delap v. State, 440 So.2d 1242 (Fla.1983); State v. Robinson, 565 So.2d 730 (Fla. 2d DCA 1990).
J.A.R. further contends that the deputy did not have probable cause to search him. See A.J.M. v. State, 617 So.2d 1137 (Fla. 1st DCA 1993); M.J. v. State, 399 So.2d 996 (Fla. 1st DCA 1981). J.A.R. does not dispute that the information provided by his classmate would have given the assistant principal reasonable suspicion to interrogate and search him. New Jersey v. T.L.O., 469 U.S. 325, 105 S.Ct. 733, 83 L.Ed.2d 720 (1985). Additionally, the scope of this “student search” was appropriate. Cf. T.J. v. State, 538 So.2d 1320 (Fla. 2d DCA 1989) (holding that search of plastic bag in side pocket of student’s purse exceeded scope necessary to determine if student had weapon). The complexity in this case arises from the involvement of the deputy sheriff, who generally needs probable cause to search for contraband. See M.J., 399 So.2d at 998.
First, it is important to note that this case does not involve a student carrying drugs or similar contraband on campus. Cf. In re Boykin, 39 Ill.2d 617, 237 N.E.2d 460 *1244 (1968) (observing that nature of potential danger differs where weapons, as opposed to gambling or narcotics, are involved). Here, the assistant principal was faced with the possibility that a child was carrying a gun on his person in a classroom during the school day. In this circumstance, a school official or a police officer needs only reasonable suspicion to conduct an inquiry in the nature of a Terry[2] stop. See § 901.151(2), (5), Fla. Stat. (1993). See also T.J., 538 So.2d at 1322 (stating that scope of school search for weapon should be similar to search permitted for weapon pursuant to Terry stop); In re Gregory M., 82 N.Y.2d 588, 606 N.Y.S.2d 579, 627 N.E.2d 500 (1993) (holding that because student’s diminished expectation of privacy was outweighed by governmental interest in preventing introduction of weapons in schools, “unusual” metallic thud heard when student’s book bag was flung down — suggesting to school security officer possibility that bag might contain weapon — was sufficient justification for investigative touching of outside of bag); Boykin, 237 N.E.2d at 461-62 (affirming denial of motion to suppress evidence obtained by warrantless search of student whom police suspected of carrying gun based on information obtained from school official who had received tip from unidentified student).
It would be foolhardy and dangerous to hold that a teacher or school administrator, who often is untrained in firearms, can search a child reasonably suspected of carrying a gun or other dangerous weapon at school only if the teacher or administrator does not involve the school’s trained resource officer or some other police officer. At least when it comes to guns and other dangerous weapons, we do not wish to draw fine lines between police officers who are “school resource officers” and those who are not. Cf. State v. D.S., 685 So.2d 41 (Fla. 3d DCA 1996) (holding in case involving search of student suspected of possessing drugs that “school police officer,” as school official, needs only reasonable suspicion to conduct search of student on school property); S.D. v. State, 650 So.2d 198 (Fla. 3d DCA 1995) (school security employee is not law enforcement officer and may perform search permitted by T.L.O.). The danger created by students carrying guns, knives, and other weapons is now apparently sufficient to warrant random suspicionless administrative searches in some schools in this state. See State v. J.A., 679 So.2d 316 (Fla. 3d DCA 1996). If a school official has a reasonable suspicion that a student is carrying a dangerous weapon on his or her person, that official may request any police officer to perform the pat-down search for weapons without fear that the involvement of the police will somehow violate the student’s Fourth Amendment rights or require probable cause for such a search.
In People v. Pruitt, 278 Ill.App.3d 194, 214 Ill.Dec. 974, 662 N.E.2d 540 , appeal denied, 167 Ill.2d 564, 217 Ill.Dec. 668, 667 N.E.2d 1061 (1996), which presents similar facts, the Illinois appellate court observed that “[jludges cannot ignore what everybody else knows: violence and the threat of violence are present in the public schools.” 214 Ill.Dec. 974, 662 N.E.2d at 546. The court then held that an anonymous tip from another student that the defendant was carrying a gun provided the school police officer with reasonable suspicion to justify the initial intrusion of taking the defendant out of the classroom for questioning. The court further held that the scope of the pat-down search, after the student admitted that he was carrying a gun, was permissible. Id. at 983, 662 N.E.2d at 549.
The search of J.A.R.’s person in this case was a permissible weapons’ pat-down based upon reasonable suspicion. Accordingly, the trial court did not err in denying J.A.R.’s motion to suppress.
Affirmed.
FRANK, A.C.J., and HALL, VINCENT T., (Senior) Judge, concur.

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).