717 So.2d 629 (1998)
K.K., A Child, Appellant,
v.
STATE of Florida, Appellee.
No. 97-3322.
District Court of Appeal of Florida, Fifth District.
September 25, 1998.
James B. Gibson, Public Defender, and Janet Brook Goodrich, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Steven J. Guardiano, Assistant Attorney General, Daytona Beach, for Appellee.
ORFINGER, M., Senior Judge.
K.K. appeals from an adjudication of delinquency, following a plea of no contest to possession of less than 20 grams of cannabis wherein he reserved the right to appeal the denial of his motion to suppress.
*630 We agree that the appropriate standard to be applied in determining the validity of a search by a school official on school property is whether the official had a reasonable suspicion of illegal activity. See New Jersey v. T.L.O., 469 U.S. 325, 105 S.Ct. 733, 83 L.Ed.2d 720 (1985); State v. D.S., 685 So.2d 41 (Fla. 3d DCA 1996); S.D. v. State, 650 So.2d 198 (Fla. 3d DCA 1995). As was held in People v. Dilworth, 169 Ill.2d 195, 214 Ill.Dec. 456, 661 N.E.2d 310 (1996), quoted with approval in D.S.:
"Where school officials initiate the search or police involvement is minimal, most courts have held that the reasonable suspicion test obtains. The same is true in cases involving school police or liaison officers acting on their own authority. However, where outside police officers initiate a search, or where school officials act at the behest of law enforcement agencies, the probable cause standard has been applied." Dilworth, 214 Ill.Dec. at 463, 661 N.E.2d at 317.
Here, the school official had a reasonable suspicion, based on information from some students, that other students were smoking marijuana in the boys restroom. He entered the restroom followed by the school resource officer who stood at the door and said nothing. Heavy smoke was evident (although from cigarettes) and smoldering butts were on the floor. The school official then searched the six or eight boys who were in the room and found the marijuana in appellant's wallet. The resource officer neither initiated the search nor participated in it, although he was in the room where the search was conducted. Under these circumstances, and based on the law as we see it, the trial judge was correct in denying the motion to suppress.
AFFIRMED.
HARRIS and ANTOON, JJ., concur.