Mr. Mark F. Carpanini Polk County Attorney Drawer AT01 Post Office Box 9005 Bartow, Florida 33831-9005
Dear Mr. Carpanini:
You have asked for my opinion on substantially the following question:
Is a local government code inspector authorized by law to enter onto private premises to conduct inspections or assure compliance with local technical codes without the consent of the owner or occupant, or having first procured a warrant?
In sum:
A local government code inspector is not authorized to enter onto any private, commercial or residential property to assure compliance with or to enforce the various technical codes or to conduct any administrative inspections or searches without the consent of the owner or the operator or occupant of such premises, or without a duly issued search or administrative inspection warrant.
Part I of Chapter 162, Florida Statutes, was adopted to "promote, protect, and improve the health, safety, and welfare of the citizens of the counties and municipalities of this state by authorizing the creation of administrative boards with authority to impose administrative fines and other noncriminal penalties to provide an equitable, expeditious, effective, and inexpensive method of enforcing any codes and ordinances in force in counties and municipalities, where a pending or repeated violation continues to exist."[1]
Local code inspectors are the authorized agents or employees of the county or municipality responsible for assuring code compliance,[2]
whose duty it is to initiate enforcement proceedings of the various codes.[3] No member of the code enforcement board has the power to initiate enforcement proceedings.[4] Code compliance and enforcement proceedings may be initiated against any building or premises, commercial or residential, subject to the technical codes referred to in section162.02, Florida Statutes.
The Fourth Amendment to the United States Constitution, made applicable to the states through the due process clause of the Fourteenth
Amendment,[5] guarantees to all persons the right to be secure from unreasonable governmental intrusion. Further, the Florida Constitution provides protection from unreasonable searches and seizures in Article I, section 12:
"The right of the people to be secure in their persons, houses, papers and effects against unreasonable searches and seizures, and against the unreasonable interception of private communications by any means, shall not be violated. No warrant shall be issued except upon probable cause, supported by affidavit, particularly describing the place or places to be searched, the person or persons, thing or things to be seized, the communication to be intercepted, and the nature of evidence to be obtained. This right shall be construed in conformity with the 4th
Amendment to the United States Constitution, as interpreted by the United States Supreme Court. Articles or information obtained in violation of this right shall not be admissible in evidence if such articles or information would be inadmissible under decisions of the United States Supreme Court construing the 4th Amendment to the United States Constitution."[6]
Administrative searches or inspections conducted outside the judicial process without consent and without prior approval (as evidenced by an administrative search warrant) are not reasonable, unless it can be shown that the administrative search or inspection falls within one of the well-established exceptions to this rule.[7] The protection from unreasonable searches provided by section 12, Article I, Florida Constitution, and the Fourth Amendment to the U.S. Constitution, are extended to both business or commercial premises and to private residences.[8]
The United States Supreme Court has established a limited exception to the administrative warrant requirement. This line of cases holds that, even in the absence of consent, an administrative inspection may be made without a warrant if the business searched is one in which there is a legitimate public interest in close regulation and if the search is conducted under the authority of a statute meeting certain specificity requirements.[9] Among those enterprises for which the courts have recognized such an exception are those in which government regulation is pervasive such as liquor sales, firearms sales, and sales of secondhand goods.[10]
The Florida Legislature has made provision for the issuance of limited administrative search warrants in sections 933.20-933.30, Florida Statutes. These written orders, designated "inspection warrant(s)," must be signed by a judge or committing magistrate and directed to a state or local official to conduct an inspection of any building, place, or structure as authorized or required by state or local law or rule relating to municipal or county building, fire, safety, environmental, animal control, land use, plumbing, electrical, health, minimum housing, or zoning standards.[11] Owner-occupied family residences are specifically exempted from the provisions of this act.[12]
In sum, it is my opinion that a municipal code inspector is without authority to enter onto any private, commercial, or residential property to assure compliance with or to enforce the various technical codes of the county or to conduct any administrative inspections or searches without the consent of the owner or the operator or occupant of such premises, or without a duly issued search or administrative inspection warrant. The procurement and issuance of administrative inspection warrants is governed by the provisions of sections 933.20-933.30, Florida Statutes. However, owner-occupied family residences are exempt from the provisions of sections 933.20-933.30, and a search warrant or prior consent and approval of the owner is required for a search of these premises.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgh
[1] Section 162.02, Fla. Stat.
[2] Section 162.04(2), Fla. Stat.
[3] Section 162.06(1), Fla. Stat.
[4] Id.
[5] Mapp v. Ohio, 367 U.S. 643, reh. den., 368 U.S. 871 (1961).
[6] Article I, s. 12, Fla. Const., was amended in 1982 by H.J.R. No. 31-H, adopted by the electorate at the November 1982 general election, which provides that the right to be free from unreasonable searches and seizures shall be construed in conformity with the 4th Amendment to the United States Constitution and provides that illegally seized articles or information are inadmissible if decisions of the United States Supreme court make such evidence inadmissible.
[7] See, e.g., See v. City of Seattle, 387 U.S. 541 (1967); Petermanv. Coleman, 764 F.2d 1416 (11th Cir.,[Fla.] 1985); Jones v. City ofLongwood, 404 So.2d 1083 (Fla. 5th DCA 1981), pet. for rev. den.,412 So.2d 467 (Fla. 1982); Ops. Att'y Gen. Fla. 84-32 (1984), 82-07 (1982). In addition, exigent circumstances may exist which justify a warrantless entry onto the premises. As an example, a burning building creates an exigency which justifies a warrantless entry by fire officials to fight the fire. See, Michigan v. Clifford, 464 U.S. 287 (1984). Andsee, J.A.R. v. State, 689 So.2d 1242 at 1244 (Fla. 2d DCA 1997), "[t]he danger created by students carrying guns, knives, and other weapons is now apparently sufficient to warrant random suspicionless administrative searches in some schools in this state."
[8] See, See v. City of Seattle, supra n. 7, in which the U.S. Supreme Court held that administrative inspections of commercial structures as well as private residences are forbidden by the Fourth Amendment when conducted without a warrant; and Jones v. City of Longwood, Florida,supra n. 7, in which the court, in a wrongful death action, stated that an ordinance requiring the building inspector and fire chief to periodically inspect all buildings and structures within the city was qualified by the Fourth Amendment and could not authorize inspections of private property without a warrant.
[9] United States v. Biswell, 406 U.S. 311 (1972). See also, ColonnadeCatering Corp. v. United States, 397 U.S. 72 (1970); Donovan v. Dewey,452 U.S. 594 (1981).
[10] See, Colonnade Catering Corp., v. United States, id.,(sale of alcoholic beverages); United States v. Biswell, id.,(sale of firearms);Peterman v. Coleman, 764 F.2d 1416 (C.A. 11 [Fla.] 1985) (pawnbrokers).
[11] See, ss. 933.20-933.30, Fla. Stat.
[12] Section 933.21, Fla. Stat.