KLEIN, J.
Appellant argues that the trial court erred in denying his motion to suppress statements he made to a school official in the presence of a law enforcement officer employed as a school resource officer. We affirm.
The charges involved an altercation with another student at a middle school. Appellant, who was in the seventh grade, was taken by the resource officer to the office of a school official who questioned appellant in the presence of the resource officer. All questioning was done by the school official except that the resource officer asked one question at the end.
The trial court suppressed the answer appellant gave to the one question asked by the resource officer because appellant had not been given warnings required by Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Appellant argues that all of his statements should be suppressed, not simply the one elicited by the resource officer. We disagree. The mere presence of a law en *234 forcement officer, when a student is being questioned by a school official, does not amount to a custodial interrogation requiring Miranda warnings. In Interest of J.C., 591 So.2d 315 (Fla. 4th DCA 1992). The trial court was accordingly correct in suppressing only appellant’s statements made in response to the question asked by the police officer.
We have considered the other issues raised by appellant and find them to be without merit.
GUNTHER and TAYLOR, JJ„ concur.