STONE, J.
We affirm R.C.’s conviction and sentence for possession of a knife on school property. The sole issue on appeal is whether the trial court erred in denying a motion to suppress the knife found in a search of R.C. at the direction of a school official. R.C. entered a plea of no contest, reserving, with the court’s consent, the right to appeal the order on the motion to suppress.
R.C. and a classmate were called to the assistant principal’s office a few days after having a physical altercation in class. The assistant principal, Mr. Correa, testified that he noticed a bulge in the right pocket of R.C.’s pants. Correa described what he saw in R.C.’s pocket as a “hard surfaced” object, although he acknowledged he did not know what it was. The school security specialist, who had escorted R.C. to Cor-rea’s office, but did not testify, directed R.C. to take the object, a knife, out of his pocket after patting him down.
Correa stated that because the bulge appeared to have a hard surface, he was concerned for his own safety and that of the security specialist. He also explained that because R.C. had been involved in some type of altercation days before, he had “no idea of knowing what actions the student’s going to take.” At another point in his testimony, however, he indicated that he was not in “fear” of R.C.
The trial court denied R.C.’s motion to suppress the pocket knife, finding that Correa had reasonable suspicion to search R.C. because of the bulge in his pocket coupled with his knowledge of a prior incident involving R.C.’s harassment of another student.
*313 Although the trial court concluded that Correa believed the bulge in R.C.’s pocket might have been a knife, Correa, the state’s only witness, acknowledged that he did not know it was a knife until it was taken out. Correa could not articulate a more specific reason for believing that R.C. was concealing a weapon such as furtive gestures or unusual nervousness. There was no evidence that the previous altercation involved a weapon. R.C., therefore, contends that the judge’s finding — that Correa suspected that the bulge was a knife — was not supported by the evidence.
The standard applied in reviewing a search by a school official on school property, is whether the official had “reasonable suspicion” that the student is carrying a weapon (or contraband), considering the totality of the circumstances. See J.A.R. v. State, 689 So.2d 1242, 1244 (Fla. 2d DCA 1997). While we recognize that the circumstances here are, at best, marginal, we conclude that the totality of the circumstances in this case is sufficient to support a finding of reasonable suspicion by the school official.
As there was no reversible error or abuse of discretion in denying the motion to suppress, the judgment and sentence are affirmed.
STEVENSON and MAY, JJ„ concur.