SHAHOOD, J.
A.W., a child, appeals the Disposition Order finding him guilty of resisting an officer without violence and withholding adjudication of dependency. Appellant urges that the trial court erred in not granting his motion for dismissal because the arresting officer was not in the execution of a legal duty to warrant a charge of resisting without violence. We agree and reverse and remand with directions to the trial court to grant appellant’s motion for dismissal based on the following.
A.W. and a friend were found by a school resource officer in a car in the high school parking lot, skipping school. They exited the car at the officer’s request; the officer searched the car and the boys and found no contraband. He then asked A.W. to hand over the keys to the car, but A.W. refused. When the officer attempted to get the keys from A.W.’s pocket, A.W. pulled away, reached into his pocket, retrieved the keys, and threw them on the ground. At that point, the officer arrested him for resisting an officer without violence.
At the hearing, the arresting officer explained that he is a deputy sheriff with the Martin County Sheriffs Department, who is assigned to South Fork High School as a school resource officer. He had the authority to search the car and the boys because they were “out of bounds” and had been previously directed not to be where they were. He admitted that the boys were not under arrest for anything at the point that he asked A.W. to hand over the keys. The officer asked for the keys only because he knew that the car did not belong to A.W. and he planned to find the owner and ask whether A.W. had permission to be in the car. He admitted that what A.W. was resisting was not arrest, but a “lawful order.”
The officer testified that, in approaching the boys and getting them out of the car, he was enforcing school rules. He asked for the keys only because he knew the car did not belong to A.W., but had no knowledge whether A.W. had permission from the owner to be in the car. Taking the keys was not done in furtherance of his duty to enforce the school rules.
*1245 As a preliminary matter, A.W. asks this court to consider his motion for judgment of acquittal to be a motion for dismissal, which is provided for by Florida Rule of Juvenile Procedure 8.110. See generally R.M. v. State, 763 So.2d 1060 (Fla. 4th DCA 1999) (holding that a dismissal pursuant to rule 8.110 is equivalent to a motion for judgment of acquittal and may be made at the close of the state’s case); see also J.J.W. v. State, 892 So.2d 1189 (Fla. 5th DCA 2005).
A.W. concedes that the officer needed only a reasonable suspicion to search the boys and the vehicle, see R.C. v. State, 852 So.2d 311 (Fla. 4th DCA), rev. denied, 861 So.2d 430 (Fla.2003), and that the initial search of the boys was reasonable. He argues, however, that the officer’s attempt to seize the car keys was not reasonably related to the scope of the search or the officer’s duty to enforce school rules and bring A.W. in from “out of bounds.”
In New Jersey v. T.L.O., 469 U.S. 325, 333, 105 S.Ct. 733, 83 L.Ed.2d 720 (1985), the United States Supreme Court held that the Fourth Amendment’s prohibition against unreasonable searches and seizures applies to searches conducted by public school officials. The child’s right to privacy at school must be balanced with the interests of teachers and administrators in maintaining discipline and order in the classroom and on school property. Id. at 339, 105 S.Ct. 733. Because the warrant requirement can be burdensome and thwart the school’s objective, the supreme court held that warrants are not required to search a student under the school’s authority. Id. at 340, 105 S.Ct. 733. Likewise, the court held that, in striking the delicate balance, the level of suspicion required for a warrantless search must be relaxed. Id. at 325, 105 S.Ct. 733. The purpose of the reasonableness standard is to “ensure that the interests of students will be invaded no more than is necessary to achieve the legitimate end of preserving order in the schools.” Id. at 343, 105 S.Ct. 733.
Following the rationale in T.L.O., but distinguishing that case from the instant case, leads to the conclusion that the search or demand by the officer that A.W. turn over the keys was unreasonable.
In this case the officer approached A.W. and his friend because they were violating a school rule by being somewhere they were not supposed to be. Although a search of the boys and the car where they were hiding was reasonable because there might be a suspicion of finding cigarettes or other contraband, the command to turn over the keys to the car was unreasonable and not related to the original infraction. The officer testified that he demanded the keys only because he knew the car did not belong to A.W. He had no independent verification that A.W. did not have permission to be in the car or have the keys. Defense counsel was correct that the demand was not related to the infraction, i.e., being out of bounds, and infringed on A.W.’s privacy rights. As counsel argued to the trial court, because the keys were unrelated to the initial stop and were not contraband, the officer might just as well have been asking for the shirt off of A.W.’s back.
In order to convict a person for resisting an officer without violence, it must first be shown that “the officer was engaged in the lawful execution of a legal duty; and the action by the defendant constituted obstruction or resistance of the lawful duty.” Slydell v. State, 792 So.2d 667, 671 (Fla. 4th DCA 2001). As discussed above, the officer in this case had no legal authority to demand that A.W. hand over the car keys; he was not engaged in the lawful execution of a legal *1246 duty. Thus, A.W. was not required to comply with the demand and his conviction for resisting an officer without violence must be reversed and appellant’s motion for dismissal be granted.

Reversed and Remanded with Directions.

KLEIN and TAYLOR, JJ., concur.