ROTHENBERG, J.
R.M. appeals an order adjudicating him delinquent and sentencing him to probation after his motion to suppress evidence was denied. We affirm.
A young student at the sixth-through-tenth-grade Mays Conservatory of the Arts School (“the school”) told his teacher that a group of three juveniles were in the school bathroom examining a handgun. The student informant described the person holding the gun as a tall, thin, African American male with a dark complexion and a low “afro” haircut, who appeared to be an upper-classman (ninth or tenth grade), wore a red school uniform shirt and dark-colored “skinny jeans,” and carried a book bag with a cartoon character or some type of “bling” on it. According to the record, there are approximately sixty black male students in the high school, and the type of the pants, hairstyle, and book bag identified are uncommon amongst the student body.
The teacher informed the school police officer and principal of the report, and the principal immediately sent an email to the school’s teachers to be on the lookout for someone matching the given description. The principal and officer then began walking through the school hallways in an attempt to locate the student with the gun. By happenstance, R.M.’s classroom was the first room they checked, and the school police officer quickly realized that R.M. matched the description exactly. The officer asked R.M. to accompany her into the hallway, and the principal took R.M.’s book bag and asked him if there was anything illegal inside. R.M. admitted that he had a gun in his book bag, and the principal opened the book bag and found a handgun. The principal later found an email response from a different teacher stating that she had a student other than R.M. who matched the description.
R.M. was arrested and charged with three related gun-possession offenses. Before his adjudicatory hearing, R.M. filed a motion to suppress the gun and his *1159 statements, arguing that there was no reasonable suspicion for the warrantless search and seizure because the student informant gave a broad, generalized description that could have matched almost any African American high school student in the building. The trial court denied the motion to suppress, and subsequently found R.M. to be delinquent on all three counts based largely on the testimony provided by the principal and school police officer. This appeal followed.
We presume the trial court’s determination of historical facts to be correct, but review the application of law to those facts de novo. Connor v. State, 803 So.2d 598, 608 (Fla.2001). The constitutional protections afforded students at school are not the same as those provided to adults in the general public because the school is a unique setting that requires a balancing of the “privacy interests of schoolchildren with the substantial need of teachers and administrators for freedom to maintain order in the schools .... ” New Jersey v. T.L.O., 469 U.S. 325, 341, 105 S.Ct. 733, 83 L.Ed.2d 720 (1985). Accordingly, the search of a student conducted in a school context is permissible so long as the search is reasonable considering the totality of the circumstances. Id.; State v. D.S., 685 So.2d 41, 43 (Fla. 3d DCA 1996). A search may be unreasonable under the circumstances if it is based on a generalized description of the suspect that could apply to a large number of presumably innocent people in the area. L.O. v. State, 44 So.3d 1290, 1293-94 (Fla. 4th DCA 2010); Ross v. State, 419 So.2d 1170, 1170 (Fla. 2d DCA 1982).
Here, however, the description given was very specific. The student informant described the person holding the gun by giving pointed details about his height, weight, race, skin tone, approximate age, haircut, clothing, and book bag. Furthermore, the universe of potential suspects was quite narrow because there were only sixty African American male students in the high school and the described clothing and haircut were uncommon. Finally, the informant in this case was not an anonymous tipster, but a known and identified student, which bolsters the reasonableness of the school’s reliance on the description. Baptiste v. State, 995 So.2d 285, 291-92 (Fla.2008). We therefore find that the school officials’ actions in this case were entirely reasonable under the circumstances, particularly given the relaxed constitutional protections in a school setting and the grave danger posed by a potentially armed student on campus.
Affirmed.