290 So.2d 500 (1974)
STATE of Florida, Appellant,
v.
Anthony R. NERI, Appellee.
No. 73-493.
District Court of Appeal of Florida, Second District.
February 22, 1974.
Rehearing Denied March 21, 1974.
*501 Robert L. Shevin, Atty. Gen., Tallahassee, and Charles Corces, Jr., Asst. Atty. Gen., Tampa, for appellant.
Alan R. Williams, St. Petersburg, for appellee.
BOARDMAN, Judge.
The appellee/defendant, Anthony R. Neri, was charged in an information with the unlawful possession of a certain drug, to wit: cannabis sativa, commonly known as marijuana, contrary to the Florida Drug Abuse Law, Section 404.02, Florida Statutes. The appellee filed a motion to suppress the evidence and his confession as being the fruits of an illegal arrest. The trial judge, after proper hearing, at which extensive testimony was adduced, determined probable cause did not exist and suppressed the evidence and confession.
Appellant, State of Florida, timely appeals the granting of the motion to suppress pursuant to authority granted in Florida Statutes, Section 924.071, F.S.A.
The sole question for our determination is whether the police officer had probable cause to arrest the defendant upon discovering the marijuana in the glove compartment of the automobile. If he did then, of course, the trial judge erred in granting the motion to suppress. If, on the other hand, the officer did not possess probable cause to arrest the defendant, the suppression ruling was correct.
Probable cause to arrest is defined as reasonable ground for suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the person accused is guilty of the offense with which he was charged. Dunnavant v. State, Fla. 1950, 46 So.2d 871.
To decide the question presented we cautiously examined the facts. In capsule, appellee and his companion were observed by the officer who arrested them as they were walking away from an unlighted house late at night. The testimony of the officer elicited during the hearing on the motion to suppress shows that a number of burglaries had taken place in the surrounding neighborhood. He approached both of them and asked for identification. Appellee produced his card promptly and cooperatively and it was examined by the officer. Fioramonti, his companion, told the officer that his identification card was in his car. They proceeded to the car. Fioramonti opened the car door and the glove compartment and then produced his identification card to the officer. The officer noticed a "lid" of marijuana therein. He testified that he could see the marijuana because the car door light automatically turned on when Fioramonti opened the car door and, in addition, he shined his flashlight into the compartment to aid Fioramonti in locating his identification.
The appellee and his companion were then arrested and taken into custody. As the appellee was being put in the police cruiser, Officer Gary, the arresting officer, saw him drop a partial "lid" of marijuana and, as mentioned, the appellee confessed to the possession (2.1 grams). The quantity of marijuana found in the glove compartment was 25 grams.
We have carefully considered the briefs and record, oral argument having been waived. The trial judge in granting the appellee's motion to suppress found, inter alia, that the automobile belonged to Fioramonti, notwithstanding the fact that before Fioramonti consented to the warrantless search he asked for and obtained permission from Officer Gary to talk with the *502 appellee. The record supports the ruling and we do not disturb it.
We find that the appellee was arrested without probable cause. This is a primary illegality which taints and poisons the rest of the fruits derived subsequent to the unlawful arrest, including the evidence found on him, the confession and the officer's testimony on what he saw or heard during the arrest procedure.
The order granting the motion to suppress is, therefore,
Affirmed.
HOBSON, A.C.J. and McNULTY, J., concur.