SCHWARTZ, Chief Judge.
The appellant’s adjudication of delinquency, entered on a nolo plea to possession of a concealed weapon, is reversed because the knife which was the subject of the charge should have been suppressed.
Based solely on the fact that R.J.M. was the friend of a female student who had, reportedly because of drugs, fainted at the public high school they both attended, an assistant principal, Harrell, ordered him to his office and began a complete search of his person. While it was taking place, *585 R.J.M., saying “I guess this is what you want,” pulled the knife from his boot.
It is apparent both that Harrell did not have anything remotely resembling the reasonable suspicion of R.J.M.’s wrongdoing which is required to justify a search of a student by a school official; A.B. v. State, 440 So.2d 500 (Fla. 2d DCA 1983); State v. D.T.W, 425 So.2d 1383 (Fla. 1st DCA 1983); and that R.J.M.’s production of the weapon, occurring as it did during the very course of the thus-unlawful search, must be deemed a product of and tainted by that search rather than a voluntary surrender or abandonment of the knife. Kraemer v. State, 60 So.2d 615 (Fla.1952); State v. Lundy, 334 So.2d 671 (Fla. 4th DCA 1976); Earnest v. State, 293 So.2d 111 (Fla. 1st DCA 1974); State, v. Neri, 290 So.2d 500 (Fla. 2d DCA 1974), cert. dismissed, 302 So.2d 412 (Fla.1974).
Accordingly, the adjudication under review is reversed with directions to discharge the respondent.
Reversed.