720 So.2d 282 (1998)
STATE of Florida, Appellant,
v.
Paul WHORLEY, Appellee.
No. 97-05096.
District Court of Appeal of Florida, Second District.
October 28, 1998.
*283 Robert A. Butterworth, Attorney General, Tallahassee, and Erica M. Raffel, Assistant Attorney General, Tampa, for Appellant.
James Marion Moorman, Public Defender, Bartow, and Allyn Giambalvo, Assistant Public Defender, Clearwater, for Appellee.
CAMPBELL, Acting Chief Judge.
In this appeal, the State challenges the trial court order granting the motion of appellee, Paul Whorley, to suppress narcotics discovered on his person during a search at Pasco High School. Although the trial court granted the motion to suppress on the grounds that the search was not supported by reasonable suspicion or probable cause, we disagree and reverse.
At the time of the search, appellee was a student at Pasco High School. Sometime during the course of the school day, the assistant principal, Dr. Forbes, was approached by two female students, one of whom told her that a boy, specifically appellee, possessed "ecstasy" at school. Armed with this information, Dr. Forbes proceeded to locate appellee in the hallway outside his next class and took him to the first available office outside the main office, which was the school resource officer's office. The school resource officer was in his office, talking on the phone, when Dr. Forbes and appellee arrived. Once inside, Dr. Forbes told appellee that she had been given information that he might possess an illegal substance and asked him if that was true. She told him that she intended to search him, at which point he began emptying his pockets. He produced a baggie of clear capsules containing a white powder, explaining that the capsules were painkillers. Dr. Forbes handed the baggie to the school resource officer. The capsules proved to be "ecstasy."
We observe first that the appropriate standard in school searches such as this is reasonable suspicion. See A.S. v. State, 693 So.2d 1095 (Fla. 2d DCA 1997); State v. D.S., 685 So.2d 41 (Fla. 3d DCA 1996). Although appellee argues that the school officer's "acquiescence" in the search here raised the standard from reasonable suspicion to probable cause, there is no merit in that position. The cases uniformly hold that school board police officers who participate in searches by school board employees need only reasonable suspicion to justify the search. See D.S. In order for reasonable suspicion to exist, the action must be justified at its inception, and the search must be reasonably related in scope to the reason for the search. See New Jersey v. T.L.O., 469 U.S. 325, 105 S.Ct. 733, 83 L.Ed.2d 720 (1985).
We conclude that the female student's tip, specifically naming appellee and identifying the drug, justified the search at its inception. This case is similar to D.S., where the assistant principal received separate reports from four students that D.S. had offered to sell other students drugs that he had with him. The court there found that the school *284 official had reasonable suspicion to search based on the students' tips. Although there was only one tip here, we hesitate to draw a line between one tip and four tips because we believe that school officials must not be required to wait until a certain mechanical number of tips is received before taking action.
In that regard, D.S. must be compared to A.S. v. State, 693 So.2d 1095 (Fla. 2d DCA 1997), where this court found the absence of reasonable suspicion to search. There, the assistant principal saw A.S. and three other boys huddled in a group. When she approached, she noticed that one of the boys had money in his hand and noticed that A.S. was fiddling in his pocket. This was held insufficient to provide reasonable suspicion to search. We conclude that the facts in our case are more similar to D.S. than to A.S.
The second prong of the test, which requires that the search must be reasonably related in scope to the reason for the search, is also satisfied here. In her search of appellee, Dr. Forbes first informed appellee of the reason for the search, and then asked him if he had any illegal substances. He said he did not and proceeded to produce a baggie of pills. Dr. Forbes did not touch appellee at all. She asked if he had anything, and he produced the contraband himself. There was no overreaching here. The search was not excessive. Given the initial justification for the search and its reasonable scope, we conclude that Dr. Forbes had reasonable suspicion to conduct the search.
Because the trial court here found that the search was improper and we conclude that the search was proper, we reverse.
BLUE and CASANUEVA, JJ., concur.