THOMPSON, C.J.
A.H., a child, appeals the trial court’s order adjudicating him delinquent. He contends that the court erred in denying his motion to suppress marijuana and a razor blade that were found on his person during a school search. We agree and reverse the order.
In the suppression hearing, Matthew Koff, a physical education teacher, testified that he was selling A.H. a uniform when he noticed that A.H.’s speech was slurred. Koff could not understand A.H. and asked him to repeat his name several times. Still unable to understand A.H., Koff finally asked him to spell his name. Koff felt something was not right, so he went to the assistant principal. Koff, who had never met A.H. before, had no special training regarding children on drugs, but he had educated himself on the topic by reading pamphlets in connection with his college work. Koff testified that he may have informed the assistant principal that A.H. might be “on something.” Koff testified: “I thought maybe — I didn’t know if it was alcohol, drugs or anything but I thought maybe there was something that was affecting his speech.”
The assistant principal testified that upon being informed by Koff that A.H. was not “acting right,” she immediately took A.H. to an empty office. She was accompanied by the school resource officer, an Ocala police officer. The assistant principal testified that she told A.H. that he was suspected of having taken something he should not have taken, and A.H. responded, “no.” After A.H. emptied his pockets at the assistant principal’s request, the assistant principal opened his wallet and found a bag of leafy green material and a razor blade. The officer conducted a field test, and the substance tested positive for marijuana. On cross examination, the assistant principal admitted that she did not realize that Koffs suspicions arose solely from an inability to understand A.H.’s last name.
“Under ordinary circumstances, a search of a student by a school or other school official will be ‘justified at its inception’ when there are reasonable grounds for suspecting that the search will turn up evidence that the student has violated or is violating either the law or the rules of the school.” New Jersey v. T.L.O., 469 U.S. 825, 341-342, 105 S.Ct. 733, 83 L.Ed.2d 720 (1985). The state is required to elicit specific and articulable facts which, when taken together with rational inferences from those facts, reasonably warrant the intrusion. A.N.H. v. State, 832 So.2d 170 (Fla. 3d DCA 2002) (citing Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968)).
In the instant case, there were no facts which, combined with rational inferences, would warrant the intrusion. The sum and substance of the testimony was that one of three adults who spoke with A.H. had a “gut feeling” that something was wrong. We note that the assistant principal and the school resource officer did not have a problem understanding A.H.' The instant case is very similar to A.N.H., in which the district court held that reasonable grounds for a search did not arise merely because a student had bloodshot eyes and was not “acting himself.” Compare Com. v. J.B., 719 A.2d 1058, 1060-1062 (Pa.Super. 1998) (holding that a school officer could reasonably conclude that a student who was staggering in the hallways and had slurred speech was violating school rules where the student had never previously exhibited such behavior, and where the officer had encountered numerous students under the influence of drugs).
*1217 The state argues that A.H. voluntarily consented to the search. A.H. testified during the hearing that because the assistant principal and resource officer were present, he did not feel that he could refuse the request to be searched. Moreover, he testified that he was a freshman and that the incident occurred during his second week in school. We do not think that the circumstances shown in this record support the conclusion that A.H. voluntarily consented to the search. See Connor v. State, 803 So.2d 598, 609 (Fla.2001) (holding that when considering the voluntariness of a consent to search, one must consider the totality of the circumstances).
The state also contends that A.H. waived his right to appeal the motion to suppress by pleading guilty to the charges. We disagree. A.H.’s boilerplate plea form stated, “By pleading Guilty or No Contest, I waive my right to appeal except by appropriate collateral attack,” but A.H. expressly reserved the right to appeal the ruling on the motion to suppress. A defendant may appeal a conviction based on a guilty or nolo contendere plea if he expressly reserves the right to appeal a prior dispositive order of the trial court. Jones v. State, 806 So.2d 590, 592 (Fla. 5th DCA 2002). Further, the trial court stated at the conclusion of the sentencing hearing that A.H. had 30 days to appeal from the date of the disposition.
REVERSED.
SAWAYA, J., concurs.
PETERSON, J., dissents without opinion.