891 So.2d 1158 (2005)
STATE of Florida, Appellant,
v.
Kory BULLARD, Appellee.
No. 4D03-4880.
District Court of Appeal of Florida, Fourth District.
January 26, 2005.
*1159 Charles J. Crist, Jr., Attorney General, Tallahassee, and James J. Carney, Assistant Attorney General, West Palm Beach, for appellant.
Carey Haughwout, Public Defender, and Richard B. Greene, Assistant Public Defender, West Palm Beach, for appellee.
STEVENSON, J.
This is an appeal from a non-final order granting defendant Kory Bullard's motion to suppress physical evidence. Because we find that the search in the instant case of a student on school premises was supported by reasonable suspicion, we reverse.
Bullard, a high school student, filed a motion to suppress physical evidence, alleging that the marijuana and money found by school security specialists were obtained in violation of his Fourth Amendment rights. A hearing was held and the trial court granted the motion, finding that based on the "uncorroborated" and "anonymous tip," which was provided by a student informant, the school security specialist lacked reasonable suspicion to search Bullard. We do not agree that the tip in the instant case was "anonymous" and find that, under the totality of the circumstances, sufficient reasonable suspicion existed to justify the search.
The trial court correctly noted that the appropriate standard for school searches is reasonable suspicion. See State v. Whorley, 720 So.2d 282, 283 (Fla. 2d DCA 1998). In order for reasonable suspicion to exist, the action must be justified at its inception, and the search must be reasonably related in scope to the reason for the search. See id. To have either a reasonable or founded suspicion, the detaining officer must have a particularized and objective basis for suspecting the particular person stopped of criminal activity based upon the totality of the circumstances. See Felton v. State, 753 So.2d 640 (Fla. 4th DCA 2000).
Here, Brent Roberson, a security specialist at Flanigan High School, received a face-to-face, detailed report from a student alleging that Bullard possessed bags of marijuana. The student informant described Bullard's identity and claimed that Bullard had approached him with the marijuana that morning. Roberson checked the attendance records and determined that the student informant and Bullard had signed into school at the same time that day. Roberson also testified that Bullard would occasionally be seen skipping class and standing in the same location at certain times, which "brought suspicion through all the security personnel." Roberson spoke to an administrator and received permission to remove Bullard from class. Roberson, along with another security specialist, Howard Hayes, approached Bullard in class and asked Bullard to accompany them to the office. On the way to the office, Bullard ran away and threw seven baggies containing marijuana onto the ground. Once the security specialists caught up with Bullard, they took him to the office, searched him, and found $216 on his person.
In conclusion, we reverse the trial court's order granting the motion to suppress. We find that the detailed, face-to-face report given by the student informant was not an "anonymous tip" and provided reasonable suspicion of criminal activity, which justified the school security specialists removing Bullard from class and asking him to accompany them to the office.[1]See Milbin v. State, 792 So.2d 1272, 1274 *1160 (Fla. 4th DCA 2001) (stating that a witness providing information through face-to-face communication is not an anonymous tipster and is deemed sufficiently reliable to establish founded suspicion).
REVERSED and REMANDED.
KLEIN and MAY, JJ., concur.
NOTES
[1] The marijuana which Bullard discarded while running away from the security officers may have been legally "abandoned" as well, but this issue was neither raised nor briefed by the parties.