SILBERMAN, Judge.
S.V.J. appeals the Juvenile Probation Order entered following her no contest plea to possession of marijuana. She argues that the trial court erred in denying her dispositive motion to suppress the marijuana found in her purse. We agree and reverse.
S.V.J. attended Brandon Alternative School, a school for students exhibiting disruptive behavior. In the afternoon of December 8, 2003, S.V.J. and another student engaged in a fight. The school resource officer separated the students and took S.V.J. to an administrator’s office. Mr. Arroyo, an administrative assistant at the school, testified that after he spoke briefly with S.V.J., he stepped out of his office for a short time to check on the flow of traffic in the hallway. When he reentered the office, S.V.J. “looked startled” or “surprised” and put her purse under her arm and her jacket over her shoulder. He stated that “[i]t appeared she was hiding her purse.” Although he normally did not search students after a fight, he decided to have a female school official search S.V.J.’s purse. The search revealed marijuana inside the purse.
Mr. Arroyo acknowledged that no complaint had been made regarding S.V.J. and a weapon, any drug use, or sales; he had *1223 no idea what might have been in the purse; and the only reason he had someone search the purse was because of S.V.J.’s startled reaction when he re-entered the office. The person who performed the search testified that she did so upon Mr. Arroyo’s instruction and that she did not know what might be in the purse. At the conclusion of the testimony, the trial court denied the motion to suppress. The court stated that based on the school environment, the fight, and S.V.J.’s demeanor, the search was reasonable at its inception and in scope.
Although we “defer to the factual findings of the trial court that are supported by competent, substantial evidence,” we review the court’s application of the law to its factual findings using the de novo standard of review. Cillo v. State, 849 So.2d 353, 354 (Fla. 2d DCA 2003). For school searches, reasonable suspicion is needed to justify the search. State v. Whorley, 720 So.2d 282, 283 (Fla. 2d DCA 1998); A.S. v. State, 693 So.2d 1095, 1095 (Fla. 2d DCA 1997). For reasonable suspicion to exist, the search “must be justified at its inception, and the search must be reasonably related in scope to the reason for the search.” Whorley, 720 So.2d at 283; see also New Jersey v. T.L.O., 469 U.S. 325, 341, 105 S.Ct. 733, 83 L.Ed.2d 720 (1985).
A court may use various factors to determine whether a search is justified at its inception. Such factors may include
the child’s age, history and record in school; the prevalence and seriousness of the problem in the school to which the search was directed; the exigencies in making a search without delay and further investigation; the probative value and reliability of the information used as a justification for the search; and the particular teacher or school official’s experience with the student.
State v. D.T.W., 425 So.2d 1383, 1387 (Fla. 1st DCA 1983). In A.B. v. State, 440 So.2d 500, 501 (Fla. 2d DCA 1983), this court stated that these factors are simply a starting point and “not a complete and exhaustive list of all possible considerations.” The court noted that the “experience of the involved school officials with the type of problem to which the search was directed” would be another pertinent factor to consider. > Id.
Ordinarily, a search of a student by a school official is “ ‘justified at its inception’ when there are reasonable grounds for suspecting that the search will turn up evidence that the student has violated or is violating either the law or the rules of the school.” T.L.O., 469 U.S. at 341-42, 105 S.Ct. 733. The State must “elicit specific and articulable facts which, when taken together with rational inferences from those facts, reasonably warrant the intrusion.” A.H. v. State, 846 So.2d 1215, 1216 (Fla. 5th DCA 2003). A “gut feeling” or hunch that something is wrong does not constitute a reasonable suspicion to justify the search.
Based on the testimony presented at the suppression hearing, S.V.J. argues, and we agree, that the State did not elicit specific and articulable facts that warranted the search. Although the school is for children exhibiting disruptive behavior and students at the school are routinely searched upon arrival for possible weapons, the search of S.V.J. did not occur as part of the arrival procedure. Mr. Arroyo described S.V.J.’s movement and demean- or immediately prior to the search, but he acknowledged that he had no idea what S.V.J. might have had in her possession. He did not give any indication of what he suspected might be in the purse or why the search might reveal evidence of a violation of the law or school rules. None of the witnesses articulated any facts demon *1224 strating a reasonable suspicion that S.V.J. may have been in possession of a weapon, drugs, or other contraband or even that the contents of her purse were somehow connected with the fight.
As acknowledged in A.B., a court may consider various factors in determining whether a search of a. student is justified. Here, the evidence simply did not justify the search. Instead, the evidence showed that the search was conducted based on a mere hunch that S.V.J. might have something of interest in her purse.[1] Because the motion to suppress should have been granted, we reverse the Juvenile Probation Order and remand with directions that the trial court discharge S.V.J. Reversed and remanded with directions.
NORTHCUTT, J., Concurs.
VILLANTI, J., Dissents with opinion.

. Although the dissent suggests that "it is not difficult to imagine the prospect of improper conduct,” criminal and delinquency proceedings are determined based on the evidence and not the fact finder's or the reviewing court's imagination. The dissent also states that students in an alternative school, who are searched upon arrival at school, have no genuine expectation of privacy protecting them from subsequent searches. Yet in T.L.O. the Supreme Court specifically acknowledged that it was "not yet ready to hold that the schools and the prisons need be equated for purposes of the Fourth Amendment” and reiterated that schoolchildren have "legitimate expectations of privacy.” 469 U.S. at 338-40, 105 S.Ct. 733. The dissent cites no evidence or authority supporting its view that students in an alternative school are subject to search at any time throughout the course of the school day merely because they are subject to being searched upon arrival at school. Based on the evidence that was presented in the trial court and the current state of the law, we cannot agree with the dissent's proposition.