KLEIN, J.
The trial court granted J.H.’s motion to suppress on the ground that he was in custody when he turned over drugs to a school resource officer without a Miranda warning. We reverse because the officer had reasonable suspicion to search J.H. and the drugs would have inevitably been discovered.
J.H. was a high school student. A police officer working at the school was told by another student found with marijuana that J.H. had possessed marijuana earlier that day. The officer contacted the dean, the dean asked J.H. to step out of class, and the officer asked J.H. if he had anything improper on him. In response, J.H. reached into his pocket and handed the officer the marijuana.
J.H. moved to suppress arguing that a Miranda warning was required because this was custodial interrogation by the officer, and the trial court granted the motion. The state argues that the lack of a Miranda warning should not have been dispositive because the officer only needed reasonable suspicion to search J.H. New Jersey v. T.L.O., 469 U.S. 325, 105 S.Ct. 733, 83 L.Ed.2d 720 (1985) (reasonable sus *241 picion is all that it necessary for a school official to search a student at school). Because the officer had reasonable suspicion to search J.H., the state argues, the drugs would have been discovered inevitably. J.A.R. v. State, 689 So.2d 1242 (Fla. 2d DCA 1997) came to that conclusion under similar facts where it was reported that the student had a gun.
T.L.O. held that the probable cause standard for searches does not apply to the search of a student at school by a school official, and that reasonable suspicion is all that is required. In State v. D.S., 685 So.2d 41 (Fla. 3d DCA 1996), the court, after citing cases from other jurisdictions, held that school police officers are held to the same standard as school officials, reasonable suspicion, in order to search students at school. State v. Whorley, 720 So.2d 282 (Fla. 2d DCA 1998) (holding school resource officers need only reasonable suspicion for a search).
J.H. acknowledges that the standard is reasonable suspicion, but argues that the tip was no more reliable than that of an anonymous informant and required independent corroboration. This was not, however, an anonymous informant, and was sufficient to comply with the reasonable suspicion standard.
We agree with J.A.R. Accordingly, although the trial court may well have been correct in concluding that any custodial interrogation by the officer required a Miranda warning, that should not have been dispositive, because the drugs would have been discovered inevitably without interrogation.
Reversed.
GROSS and MAY, JJ., concur.