911 So.2d 283 (2005)
R.S.M., Appellant,
v.
STATE of Florida, Appellee.
No. 2D04-5165.
District Court of Appeal of Florida, Second District.
September 30, 2005.
James Marion Moorman, Public Defender, and Clark E. Green, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Dale E. Tarpley, Assistant Attorney General, Tampa, for Appellee.
WALLACE, Judge.
R.S.M. appeals the trial court's order finding him guilty of one count of possession of a weapon on school property, withholding an adjudication of delinquency, and placing him on probation. R.S.M. argues that the trial court erred in denying *284 his motion to suppress a knife found after a school official ordered him to empty his pockets. R.S.M. contends that the school official did not have the requisite reasonable suspicion before beginning the search. We agree and reverse.
On November 21, 2003, Don Stone, assistant principal at Plant City High School, observed R.S.M., who was a student at the school, at a walkway between the main building and a building annex near the school's parking lot. Mr. Stone had been looking for R.S.M. after a teacher reported that R.S.M. had not been present in an earlier class. Mr. Stone escorted R.S.M. to Stone's office. As they walked, Mr. Stone observed R.S.M. "reaching towards his pockets and then jerking his hands back." At the office, Mr. Stone asked R.S.M. where he was supposed to be and why he was not in class. Mr. Stone then asked R.S.M. to empty his pockets onto Stone's desk. R.S.M. complied and removed a folding knife from his pocket. Mr. Stone testified that he had "suspected [R.S.M.] of having some kind of contraband."
In A.S. v. State, 693 So.2d 1095 (Fla. 2d DCA 1997), this court said that the standard for a search and seizure by a school official is one of reasonable suspicion. The A.S. court further explained that the United States Supreme Court in New Jersey v. T.L.O., 469 U.S. 325, 105 S.Ct. 733, 83 L.Ed.2d 720 (1985), adopted a two-pronged test to determine whether a school official's action is based on reasonable suspicion. 693 So.2d at 1095. First, in accordance with Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), the action must be justified at its inception. 693 So.2d at 1095. Second, the search must be reasonably related in scope to the circumstances that justified the search in the first place. Id. (citing T.L.O., 469 U.S. at 341-42, 105 S.Ct. 733; Terry, 392 U.S. at 20, 88 S.Ct. 1868).
Recently, without addressing the scope of the search, this court held that a trial court erred in denying a motion to suppress after determining that a school search was not justified at its inception. S.V.J. v. State, 891 So.2d 1221 (Fla. 2d DCA 2005). In the S.V.J. case, S.V.J. and another student had engaged in a fight. Id. at 1222. S.V.J. was taken to an administrator's office, and the administrator spoke briefly with S.V.J. before stepping out of his office to monitor the hallway. Id. When he reentered the office, S.V.J. "looked startled" and put her purse under her arm and her jacket over her shoulder. Id. Because it appeared that she was hiding her purse, the administrator had S.V.J.'s purse searched; the search revealed marijuana. Id.
This court noted that the State must "`elicit specific and articulable facts which, when taken together with rational inferences from those facts, reasonably warrant the intrusion.'" Id. at 1223 (quoting A.H. v. State, 846 So.2d 1215, 1216 (Fla. 5th DCA 2003)). "A ... hunch that something is wrong does not constitute a reasonable suspicion to justify the search." Id. Because the administrator had no idea what S.V.J. might have had in her possession or why the search might have revealed evidence of a violation of the law or school rules, the administrator had not articulated any facts demonstrating a reasonable suspicion. Id.
In this case, the State did not elicit specific and articulable facts to support Mr. Stone's suspicion that R.S.M. was in possession of some kind of contraband so as to warrant the search. Mr. Stone's observations of R.S.M.'s hand movements, like the administrator's observations of S.V.J.'s concealment of her purse, did not raise a reasonable suspicion sufficient to *285 justify the search of R.S.M.'s pockets. The State did not present sufficient evidence to establish that the search was justified at its inception. Accordingly, the trial court should have granted R.S.M.'s motion to suppress.
Because the motion to suppress should have been granted, we reverse the juvenile probation order and remand for further proceedings consistent with this opinion.
Reversed and remanded.
STRINGER and CANADY, JJ., Concur.