GREEN, J.
C.G. appeals his adjudication of delinquency for the possession of marijuana. He argues, among other things, that the trial court erred in denying his motion to suppress the evidence seized from his belongings during a school search. We agree and reverse.
The sum total of the evidence adduced at the trial below revealed that C.G., a student at Redland Middle School, became dizzy while at school and lost consciousness in the bathroom. When he regained consciousness, C.G. located the school’s monitor and told the monitor that he was not feeling well. The monitor escorted C.G. to the Assistant Principal’s office. C.G. told Ms. Margaret Fahringer, the Assistant Principal, that he had passed out in the bathroom. Ms. Fahringer testified that C.G. appeared “a little quiet and subdued” and seemed “a little pale,” but she didn’t notice anything else about him at that time. Without more, she summarily ordered C.G. to empty his pockets and book bag.
*504 When C.G. emptied his pockets, Ms. Fahringer spotted some pieces of paper and a little plastic baggie filled with green material. Ms. Fahringer testified that she believed this material to be marijuana and summoned the police. Officer Mario Rivera responded to the school and was given the baggie and its contents. The officer field tested a sample of the baggie’s contents; it tested positive for marijuana. The officer arrested C.G.
The State filed a petition for delinquency against C.G. charging him with possession of marijuana. C.G. filed a motion to suppress the physical evidence and statements on the grounds that the school official lacked reasonable suspicion of criminal activity to justify conducting a search of his person and belongings. The motion to suppress was heard during the bench trial of the adjudicatory proceeding. Upon the conclusion of the trial, the trial court denied the motion and adjudicated C.G. delinquent as charged.
On this appeal, C.G. argues that the Assistant Principal’s demand for him to empty his bag and pockets constituted an illegal search in the absence of reasonable suspicion of criminal activity. We agree and conclude that the motion to suppress should have been granted.
The search of a student by a school official under ordinary circumstances is subject to the Fourth Amendment and therefore requires that the school official have “reasonable grounds to suspect that a search will result in evidence that the student has violated the law or school rules.” New Jersey v. T.L.O., 469 U.S. 325, 341-47, 105 S.Ct. 733, 83 L.Ed.2d 720 (1985). Accordingly, the State is obligated to elicit specific and articulable facts that, when taken together with the rational inferences from those facts, reasonably warrant the intrusion. See A.H. v. State, 846 So.2d 1215, 1216 (Fla. 5th DCA 2003); A.N.H. v. State, 832 So.2d 170, 171 (Fla. 3d DCA 2002).
In the case before us, there were no facts elicited that, when combined with rational inferences therefrom, would have given the school official reasonable grounds to conclude that C.G. had violated either the law, or the school’s rules. The search in this case was premised entirely upon C.G.’s passing out in the bathroom and his appearance being “a little quiet and subdued” and “a little pale” to a school official. We have held that facts such as these, without more, are entirely consistent with non-criminal behavior such as illness. See A.N.H. v. State, 832 So.2d at 172 (school official had no reasonable suspicion to search student who had bloodshot eyes and was not himself); see also A.H. v. State, 846 So.2d 1215 (Fla. 5th DCA 2003)(no reasonable basis for search of student whose speech was slurred and was “not acting right”).
We therefore must reverse the adjudication of delinquency and remand with instructions to discharge C.G. Given our holding it is unnecessary to address C.G.’s remaining point on appeal.
Reversed and remanded with instructions.