959 So.2d 815 (2007)
George BAPTISTE, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D05-2599.
District Court of Appeal of Florida, Third District.
July 5, 2007.
Bennett H. Brummer, Public Defender, and Colleen Brady Ward, Assistant Public Defender, for appellant.
Bill McCollum, Attorney General, and Timothy R.M. Thomas, Assistant Attorney General, for appellee.
Before RAMIREZ and LAGOA, JJ., and SCHWARTZ, Senior Judge.
SCHWARTZ, Senior Judge.
The defendant's primary point on this appeal from a jury conviction for possession of a firearm by a convicted felon challenges the denial of his motion to suppress the firearm which he claims was unconstitutionally secured.
Baptiste was Terry-stopped by police after a then-anonymous informant dialed 911 to report that a person who matched his description was "waving" a firearm in the vicinity. Immediately after the stop, the person who called came to the scene and, without giving his name, identified himself as the caller and Baptiste as the person he saw with a gun. A subsequent pat-down and search of Baptiste's person indeed revealed that he was carrying a nine-millimeter Taurus handgun. The defendant's argument is based on the fact that when Baptiste was first observed and stopped by the police, he was merely walking down the street and neither had a weapon in plain view or was apparently otherwise violating the law. Relying on Florida v. J.L., 529 U.S. 266, 120 S.Ct. 1375, 146 L.Ed.2d 254 (2000), the defendant contends that the original anonymous tip was insufficient to support the stop and subsequent seizure. We disagree.
In two vital respects, we distinguish J.L. from this case:
1. In the first place, the content of the original tip described not merely the easily falsified and otherwise unverifiable fact that the defendant was carrying a concealed firearm, as in J.L., but rather the quite obvious and extremely dangerous fact that a firearm was being openly displayed. In these circumstances, the "tip" itself rendered it reasonable for the officer to effect the stop necessary to inquire further.[1] See United States v. Perkins, 363 F.3d 317, 321 (4th Cir.2004) (caller revealed location and basis of knowledge *817 observing men pointing guns in the front yard of a "known drug house"reasonable suspicion for stop found), cert. denied, 543 U.S. 1056, 125 S.Ct. 867, 160 L.Ed.2d 781 (2005). But see United States v. Brown, 401 F.3d 588 (4th Cir.2005) (anonymous tip alleging illegal possession of firearm that only identifies suspect and his location reasonable suspicion for stop not found).
2. Again unlike J.L., the "anonymous tipster" who made the 911 call was transmogrified into a constitutionally reliable citizen informant when the callerbefore the pat-down search and seizure of the guncame to the scene and identified himself to the officers. See Chaney v. State, 956 So.2d 535 (Fla. 4th DCA 2007); Castella v. State, 2007 WL 1426880 (Fla. 4th DCA Case no. 4D06-2495, opinion filed, May 16, 2007)[32 Fla. L. Weekly D1285]; Manning v. State, 957 So.2d 111 (Fla. 4th DCA 2007); Carattini v. State, 774 So.2d 927 (Fla. 5th DCA 2001); Milbin v. State, 792 So.2d 1272 (Fla. 4th DCA 2001); see also United States v. Heard, 367 F.3d 1275 (11th Cir.2004), cert. denied, 543 U.S. 913, 125 S.Ct. 235, 160 L.Ed.2d 194 (2004); United States v. Valentine, 232 F.3d 350 (3d Cir.2000), cert. denied, 532 U.S. 1014, 121 S.Ct. 1748, 149 L.Ed.2d 670 (2001); United States v. Holmes, 360 F.3d 1339 (D.C.Cir.2004), vacated and remanded on other grounds, 543 U.S. 1098, 125 S.Ct. 1046, 160 L.Ed.2d 992 (2005); United States v. Christmas, 222 F.3d 141 (4th Cir.2000), cert. denied, 531 U.S. 1098, 121 S.Ct. 830, 148 L.Ed.2d 712 (2001). See generally J.L., 529 U.S. at 274, 120 S.Ct. 1375 (Kennedy, J., concurring); State v. Maynard, 783 So.2d 226 (Fla.2001).
We find no merit in the other point presented for reversal.
Affirmed.
NOTES
[1] It is admitted that an otherwise justified Terry stop may, as in this case, be effected at gunpoint. See Carroll v. State, 636 So.2d 1316 (Fla.1994), cert. denied, 513 U.S. 973, 115 S.Ct. 447, 130 L.Ed.2d 357 (1994); State v. Ruiz, 526 So.2d 170 (Fla. 3d DCA 1988), review denied, 534 So.2d 401 (Fla.1988), cert. denied, 488 U.S. 1044, 109 S.Ct. 872, 102 L.Ed.2d 995 (1989).