961 So.2d 1063 (2007)
D.G., a juvenile, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D06-3120.
District Court of Appeal of Florida, Third District.
July 25, 2007.
Rehearing Denied August 10, 2007.
Bennett H. Brummer, Public Defender, and Howard K. Blumberg, Assistant Public Defender, for appellant.
Bill McCollum, Attorney General, and Heidi Milan Caballero, Assistant Attorney General, for appellee.
Before COPE and GREEN, JJ., and SCHWARTZ, Senior Judge.
*1064 SCHWARTZ, Senior Judge.
D.G., an eighth grader, appeals from a determination of delinquency based on his possession of the cannabis revealed after, based on the statement of a student-informant that D.G. "may have been in possession of marijuana," the assistant principal of his middle school ordered him, first from his classroom to her office, and then to empty his pockets. Over the contention that the order, which was undoubtedly equivalent to a fourth amendment search, see C.G. v. State, 941 So.2d 503 (Fla. 3d DCA 2006); Evans v. State, 546 So.2d 1125 (Fla. 3d DCA 1989), was constitutionally improper, we affirm.
The parameters of the inquiry are all clearly established. First, there is no question of the assistant principal's plenary authority, with or without justification, to summon a student to her office. See J.D. v. State, 920 So.2d 117 (Fla. 4th DCA 2006). Second, Terry[1] standards of reasonable or founded suspicion, see Baptiste v. State, 959 So.2d 815 (Fla. 3d DCA 2007), rather than the ordinary requirement of probable cause to justify a warrantless search apply in the supervisor-student-school setting. See New Jersey v. T.L.O., 469 U.S. 325, 333, 105 S.Ct. 733, 83 L.Ed.2d 720 (1985); C.G., 941 So.2d at 504. Third, and determinative of the result here, information given by an informant known to the "investigator"  as opposed to a paid confidential informant or a simple anonymous tipster  is widely regarded as itself providing the reasonable suspicion necessary to meet that constitutional test. See State v. J.H., 898 So.2d 240 (Fla. 4th DCA 2005); State v. Bullard, 891 So.2d 1158, 1159-60 (Fla. 4th DCA 2005); State v. Whorley, 720 So.2d 282 (Fla. 2d DCA 1998); State v. D.S., 685 So.2d 41 (Fla. 3d DCA 1996); R.L. v. State, 738 So.2d 507 (Fla. 5th DCA 1999).
This principle finds particular application in the present situation. As was said in New Mexico v. Michael G., 106 N.M. 644, 748 P.2d 17, 20 (1987), cert. denied, 106 N.M. 627, 747 P.2d 922 (1987):
Statements by eyewitness citizen-informants are subject to much less stringent credibility verification requirements than ordinary police informants' statements because citizens presumably have nothing to gain by fabrication. . . . In the absence of facts indicating a reason for rejecting this doctrine where students are the informants, we will apply it in this case. A student's direct statement to a person in authority, indicating personal knowledge of facts which establish that another student is engaging in illegal conduct, may provide school authorities reasonable grounds to search the . . . student[]. . . . The willingness to identify oneself to the authorities as an eyewitness provides an accurate indicator of credibility.
Similarly, in C.B. v. Driscoll, 82 F.3d 383, 388 (11th Cir.1996), the court held:
The tip in this case provided sufficient probability, viewed against the "reasonable grounds" standard, to justify the search here. A fellow student provided the information that C.B. carried drugs with the intent of selling them . . . to administrators directly, rather than anonymously, and was thus more likely to be reliable because the student informant faced the possibility of disciplinary repercussions if the information was misleading.
Accord, e.g., Wofford v. Evans, 390 F.3d 318 (4th Cir.2004)(students-informants' tips provided a reasonable basis for belief that student had violated the law); Roy v. Fulton County Sch. Dist., (N.D.Ga. Case *1065 no. CIVA 1:06CV08862007, opinion filed, Mar 7, 2007)[2007 WL 757648, at *5]("a direct tip from a student informant generally supplies sufficient grounds to justify a search"); Mass. v. Carey, 407 Mass. 528, 554 N.E.2d 1199, 1203 n. 4 (1990)("Unlike the anonymous informer, the eyewitness students could be presumed reliable. `If the citizen or victim informant is an eyewitness, this will be enough to support probable cause even without specific corroboration of reliability.'") (citations omitted); S.C. v. Miss., 583 So.2d 188, 192 (Miss.1991)(finding reasonable grounds to search student's locker based on a student tip and stating that because high school students fall into a "less suspect class" than other informants, "[a]bsent information that a particular student informant may be untrustworthy, school officials may ordinarily accept at face value the information they supply.").
The appellant's only real response to the adverse application of these principles is that the assistant principal stated that the child who told her about D.G. had given her information on a single prior occasion and that report had proven incorrect. While this fact may well have been permissibly considered as one of the "mix" of factors which go into the determination of founded suspicion, see S.V.J. v. State, 891 So.2d 1221 (Fla. 2d DCA 2005); A.N.H. v. State, 832 So.2d 170 (Fla. 3d DCA 2002); T.J. v. State, 538 So.2d 1320 (Fla. 2d DCA 1989); State v. D.T.W., 425 So.2d 1383 (Fla. 1st DCA 1983); A.B. v. State, 440 So.2d 500 (Fla. 2d DCA 1983); see also State v. Thomas, 960 So.2d 869 (Fla. 2d DCA 2007), it surely does not, as a matter of law, rebut the presumption of reliability or the reasonable basis of the assistant principal's (and the trial court's) conclusion that the report was sufficient. See Wofford, 390 F.3d at 326 ("We have no reason to doubt the decision of school officials to credit the pupils' claims. Indeed, [the school officials'] educational expertise and familiarity with the students involved invite deference to their judgment."); Carey, 554 N.E.2d at 1203, n. 4 ("the eyewitness account of [the student's] possession of a gun at school by two students to a teacher who knew them, may well have constituted probable cause to search"); Morse v. Frederick, ___ U.S. ___, 127 S.Ct. 2618, ___ L.Ed.2d ___ (2007)(Roberts, C.J.)(affording great weight to school authorities' judgment); id. at 2636 (Alito, J., concurring); see also Adams v. Williams, 407 U.S. 143, 146-47, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972)(sufficient indicia of reliability to justify stop where informant was personally known to officer, had provided officer with information in the past, had come forward personally to give immediately verifiable information and was subject to immediate arrest for making a false statement if tip incorrect); State v. Miranda, 701 So.2d 424 (Fla. 3d DCA 1997)(citing Adams); see generally Alabama v. White, 496 U.S. 325, 330, 110 S.Ct. 2412, 110 L.Ed.2d 301 (1990)(noting that "reasonable suspicion can arise from information that is less reliable than that required to show probable cause" (citing Adams)); Adams, 407 U.S. at 147, 92 S.Ct. 1921 ("[W]hile the Court's decisions indicate that this informant's unverified tip may have been insufficient for a narcotics arrest or search warrant, the information carried enough indicia of reliability to justify the officer's forcible stop.") (citations omitted); id. at 156-57, 92 S.Ct. 1921 (Marshall, J., dissenting)(noting that only information previously given by informant was unsubstantiated); 2 Wayne R. LaFave, Search and Seizure, § 3.4(a) at 229-30, and cases cited at 230 nn. 55-56 (4th ed.2004)(if a witness initially gives false information, it should be acted upon only when there is "a reason for the earlier false information which does not carry over to the later allegations"). *1066 As the Supreme Court said in Illinois v. Gates, 462 U.S. 213, 245 n. 14, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), "we have never required that informants used by the police be infallible and can see no reason to impose such a requirement in this case." See Jenkins v. State, 924 So.2d 20, 24 (Fla. 2d DCA 2006)("When the police rely on information from a confidential informant, they must have some basis for establishing the informant's reliability, but there is no `require[ment] that informants used by the police be infallible.'" (quoting Gates)), review granted, 944 So.2d 345 (Fla.2006).
Affirmed.
NOTES
[1] Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).