PER CURIAM.
The question presented by this appeal is whether there was a reasonable suspicion to justify a school search. We conclude that there was, and affirm the order now before us.
R.B. is a high school student. Two or three weeks prior to the charged incident, a teacher reported that R.B. was under the influence. The school security officer calmed R.B. down and the parents were called to come to the school. They agreed *547 with the assessment that he was under the influence of something, which they believed to be drugs. The mother stated that she believed drugs were being sold at the school and asked the security officer to keep an eye on R.B.[1]
On the day of the charged incident, the school security officer was monitoring the school’s security cameras. He noticed R.B. sitting next to another student. The officer saw R.B. with his hands cupped, showing the other student something. R.B. then put the object in his pocket. The officer could not see what the object was.
Given the security officer’s previous encounter with R.B. being under the influence of drugs at the school, the officer suspected that R.B. was in possession of drugs. The officer testified, “[I]f you don’t have anything oh you, you show it open handed; why show it ... cupped?”
R.B. testified. He stated that he had a cigarette lighter in his hands which he showed the other student. He conceded that this was not how he normally would show a lighter to someone, but stated, “I was trying to hide it, so the security guards — they wouldn’t suspect anything.”
The security officer directed R.B. and the other student to come to the school office. He directed the students to empty their pockets. R.B. removed a lighter and a pen. The security officer then reached into R.B.’s pocket and removed a small bag of marijuana. The security officer called the police.[2]
The State charged R.B. with possession of cannabis in violation of paragraph 893.13(6)(b), Florida Statutes (2006), a first-degree misdemeanor. R.B. filed a motion to suppress the seized marijuana. The trial court heard the testimony outlined above, found that there was a reasonable suspicion to justify a school search, and denied the motion to suppress evidence.[3]
R.B. then entered a plea of no contest, reserving the right to appeal the denial of the motion to suppress evidence. The trial court withheld adjudication of delinquency and placed R.B. on probation. This appeal followed.
As a preliminary matter, school officials have the “plenary authority, with or without justification, to summon a student to [the] office.” D.G. v. State, 961 So.2d 1063, 1064 (Fla. 3d DCA 2007) (citation omitted). R.B. does not challenge the fact that the security officer required him to go to the school office.
In the school setting, the standard to be satisfied in order to conduct a war-rantless search is reasonable or founded suspicion, rather than the ordinary requirement of probable cause. Id. (citing New Jersey v. T.L.O., 469 U.S. 325, 333, 105 S.Ct. 733, 83 L.Ed.2d 720 (1985)); Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); Baptiste v. State, 959 So.2d 815 (Fla. 3d DCA 2007); C.G. v. State, 941 So.2d 503 (Fla. 3d DCA 2006).
The question of reasonable or founded suspicion is viewed from the standpoint of a reasonable officer with this *548 officer’s training and experience. See Cross v. State, 432 So.2d 780, 782 (Fla. 3d DCA 1983). He may take into account the facts known to him. See State v. M.A.D., 721 So.2d 412, 413 (Fla. 3d DCA 1998); State v. Leyva, 599 So.2d 691, 693 (Fla. 3d DCA 1992).
In this case, the security officer had personal knowledge of R.B. being at school under the influence of illegal drugs within the past two or three weeks. The officer not only observed this but had those observations confirmed by the parents, who came to the school and expressed concern that R.B. was obtaining illegal drugs at the school. The officer observed R.B. showed something to another student concealed inside his cupped hands and then returned the object to his pocket in what the judge described as a furtive gesture. We agree with the trial judge that, under the circumstances, there was a reasonable suspicion which justified the search.
R.B. argues, alternatively, that even if there was a reasonable suspicion which allowed the security officer to direct R.B. to empty his pockets, in this case the contraband was not discovered until the security officer placed his hand inside R.B.’s pocket. R.B. argues that turning one’s pockets inside out is one thing; allowing the officer to reach inside the pocket is more intrusive and requires more than a reasonable suspicion.
We conclude that this argument already has been rejected in D.G. and other cases. As already stated, the standard for a war-rantless school search is reasonable or founded suspicion. D.G., 961 So.2d at 1064, and cases cited therein. Further, in D.G. we held that an order that the student empty his pockets is “undoubtedly equivalent to a Fourth Amendment search.... ” Id. (citations omitted). For Fourth Amendment purposes there is no constitutional difference between an order that the student empty his pockets, and the security officer’s conducting a search by reaching inside the student’s pockets.
For the stated reasons, the order now before us is affirmed.
COPE and SALTER, JJ., concur.

. Although not pertinent to this appeal, the mother provided the security officer with the name of someone who may be dealing in drugs at the school.

. The other student had no contraband in his possession and was released.

.The security officer testified that R.B. and the other student gave consent to search. R.B. testified that the security officer conducted the search without obtaining consent. The trial court did not issue a ruling on whether R.B. had consented to the search, ruling instead that the search was valid because there was a reasonable suspicion.