SALTER, J.
C.A., a juvenile, appeals the denial of a motion to suppress evidence obtained in an in-school search. Finding that the search was not the result of a reasonable suspicion of criminal activity by C.A., we reverse.
At the time of the in-school incident, C.A. was fourteen years old. His teacher was working one-on-one with another student in her classroom during the break between classes. Although C.A. was also taught by that teacher during a different part of the school day, C.A. was not supposed to be in her classroom during the break.
The teacher asked C.A. to leave the classroom, and she asked him what he was doing there. C.A. answered that he “came to get something.” The teacher escorted C.A. to the door and went back to the student who had been talking with C.A. When she returned to that student, the teacher immediately smelled a strong smell of marijuana. Importantly, she had not smelled the odor of marijuana as she escorted C.A. to the door — she only recognized the smell when she returned to the other student after C.A. had left the room.
The; teacher left the classroom and asked the head of school security to investigate both C.A. and the other student. C.A. was then taken to the assistant principal’s office and questioned by the school security officer. When asked to empty his pockets, C.A. complied. Another school official asked if C.A. had anything in his wallet. When C.A. hesitated, the school official instructed C.A.: “If you have anything, go ahead and give it up so we don’t have to go through all of this.”
C.A. then opened his wallet and removed a bag of marijuana. A one-count petition for delinquency was filed charging C.A. with possession of cannabis. C.A. *686 filed a motion to suppress, and this was denied by the trial court. Citing the “totality of the circumstances,” the trial court ruled that (a) no search under the Fourth Amendment had occurred, because the opening of the wallet by C.A. was voluntary, and (b) there was a reasonable basis for the school officials to ask C.A. whether he had anything he should not have.
C.A. entered a plea, reserving his right to appeal the denial of the motion to suppress. This appeal followed.

Search

The State candidly, and correctly, conceded at oral argument that C.A. was “searched” under the controlling Fourth Amendment case law. C.A. was clearly a suspect when escorted to the school officials’ offices, and the legal effect of the instruction to remove items from his pockets and wallet is the same as an officer’s search of the pockets and wallet. See State v. Oliver, 368 So.2d 1331, 1335 (Fla. 3d DCA 1979). The trial court erred when it determined that the encounter represented a consensual disclosure of the contents of C.A.’s pockets and wallet.

“Reasonable Suspicion” for the Search

In light of the State’s concession that the marijuana was obtained during a search, C.A.’s appeal turns on the reasonableness of the grounds for that search. In a school, the more relaxed “reasonable suspicion” standard applies. New Jersey v. T.L.O., 469 U.S. 325, 333, 105 S.Ct. 733, 83 L.Ed.2d 720 (1985). A “reasonable suspicion” requires proof that the school officials have “specific and articulable facts that, when taken together with the rational inferences from those facts, reasonably warrant the intrusion.” C.G. v. State, 941 So.2d 503, 504 (Fla. 3d DCA 2006). Although a “hunch” or an “intuition” may in some instances disclose wrongdoing, these more ephemeral precursors to questioning are insufficient as a matter of law.
In this case, the teacher’s concern regarding the student in her classroom visited by C.A. and bearing the odor of marijuana (but only after C.A. had left the classroom) was based on specific, articula-ble facts and appropriate inferences from those facts. The same cannot be said of the facts regarding C.A., however. The teacher did not smell marijuana while in C.A.’s presence or while escorting him to the door, she did not see him take anything from (or pass anything to) the other student, and she simply associated C.A. with her suspicion that the other student possessed marijuana.
C.A. is correct that suspicion by association or transference is not “reasonable suspicion.” * See M.S. v. State, 808 So.2d 1263 (Fla. 4th DCA 2002); R.J.M. v. State, 456 So.2d 584 (Fla. 3d DCA 1984).

Conclusion

C.A.’s points on appeal are well taken. The school officials’ instructions constituted a Forth Amendment search, and that search was not founded upon a “reasonable suspicion” directed at C.A. himself. Accordingly, it was error to deny the motion to suppress.
Reversed.

 We emphasize the vital role played by teachers in reporting suspicious activity in schools. In this case, the teacher properly reported to school security what she saw, heard, and smelled. In such cases, school security officials then have the difficult, but equally important job of ascertaining whether there are sufficient specific, articulable facts, and appropriate inferences from those facts, to warrant a search.