**G.C., a child, Appellant,**

**v.**

**STATE of Florida, Appellee.**

**No. 4D15–4541**

District Court of Appeal of Florida, Fourth District.

December 21, 2016

Carey Haughwout, Public Defender, and Alan T. Lipson, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Georgina Jimenez–Orosa, Assistant Attorney General, West Palm Beach, for appellee.

Warner, J.

Appellant challenges her adjudication of delinquency for possession of a weapon (a taser) on school property. She contends that the trial court erred in denying her motion to suppress the results of a second search of her purse, where the first search did not reveal any weapon, and where the record shows no additional grounds for conducting another search. We agree and reverse.

At the suppression hearing, only a school security specialist testified. As school was being dismissed for the day, eight students reported to the school security specialist that they had observed several students playing with a taser in the park and football field adjoining the school. Two students identified appellant as one of the students with the taser. The security specialist consulted with the assistant principal, who suggested that since appellant and the other students had already left, they would deal with the situation the following morning.

The next morning, prior to classes, the specialist asked appellant to come to her office, where she made appellant empty the small purse she was carrying. She also searched the inside pocket of the purse. She did not uncover a taser. The specialist informed the assistant principal of the results of the search.

Later on that same day, the assistant principal called appellant and the security specialist to his office. This time, there was a small bulge on the outside of the purse. When the assistant principal searched the bag, there was a small pink taser in the inside pocket, "like a pillbox almost." The security specialist surmised that the assistant principal must have received some other information regarding the taser and appellant, but she did not testify as to what that might have been.

Based on the foregoing evidence, the trial court denied the motion to dismiss. In doing so, however, it erroneously concluded that the first search was of the purse, while the second search was of a book bag. As the State concedes, both searches were of the small purse.

Appellant thereafter pled no contest and reserved her right to appeal the denial of her dispositive motion to suppress. The court withheld adjudication and placed appellant on probation with one hundred hours of community service or counseling. Appellant timely appeals.

"[W]hen reviewing a ruling on a motion to suppress, an appellate court presumes the trial court's findings of fact are correct and reverses only those findings not supported by competent substantial evidence. Review of the trial court's application of the law to the facts is de novo." *Pierre v. State*, 22 So.3d 759, 765 (Fla. 4th DCA 2009) (citation omitted). In this case, as noted, the trial court's factual statements are not supported by competent substantial evidence, as the school authorities conducted a search of the same purse twice, not a search of two different bags.

> The standard for a search and seizure by a school official is one of reasonable suspicion. *Nelson v. State*, 319 So.2d 154 (Fla. 2d DCA 1975). The United States Supreme Court adopted a two prong test to determine whether a school official's action is grounded in reasonable suspicion. *New Jersey v. T.L.O.*, 469 U.S. 325, 105 S.Ct. 733, 83 L.Ed.2d 720 (1985). First, pursuant to *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), the action must be justified at its inception. Second, the search must be reasonably related in scope to the circumstances which justified the search in the first place. *T.L.O.*, 469 U.S. at 341–42, 105 S.Ct. at 742–43; *Terry*, 392 U.S. at 20, 88 S.Ct. at 1879.

*A.S. v. State*, 693 So.2d 1095, 1095 (Fla. 2d DCA 1997). "The purpose of the reasonableness standard is to 'ensure that the interests of students will be invaded no more than is necessary to achieve the legitimate end of preserving order in the schools.'" *A.W. v. State*, 928 So.2d 1243, 1245 (Fla. 4th DCA 2006) (quoting *T.L.O.*, 469 U.S. at 343, 105 S.Ct. 733). Additionally, "[t]he question of reasonable or founded suspicion is viewed from the standpoint of a reasonable officer with this officer's training and experience. He may take into account the facts known to him." *R.B. v. State*, 975 So.2d 546, 547–48 (Fla. 3d DCA 2008) (citation omitted).

In this case, there was reasonable suspicion to support the first search of appellant's purse. Searches for dangerous weapons on school property are analyzed based on the "seriousness of the threat, the location of the threat, the vulnerability and number of potential victims, and the lessened expectation of privacy of students." *M.D. v. State*, 65 So.3d 563, 565 (Fla. 1st DCA 2011). For example, in *M.D.*, the court held that school authorities had reasonable suspicion to search for a weapon on a student when an anonymous tipster had called the school the day before the search informing the school that a student had possessed a firearm on school grounds three months earlier. *Id.* at 565–67; *see also K.P. v. State*, 129 So.3d 1121 (Fla. 3d DCA 2013) (holding search of book bag for gun was reasonable based on, in part, the reduced expectation of privacy in school settings combined with the fact that the search was not disproportionate, search took place before tip became stale, the purpose of the search was to protect students, not establish guilt, and firearms at schools represented a heightened danger). Here, appellant was observed with a taser the day prior to the search.

However, we conclude that after having thoroughly searched appellant's purse, the reasonable suspicion that appellant had a taser in her purse was dissipated. Without some additional facts or circumstances arising after the search to provide further reasonable suspicion, we hold that the second search violated appel-

lant's Fourth Amendment rights. Although the security specialist surmised that the assistant principal must have received some other information to justify a second search, the assistant principal did not testify, and thus the record is devoid of any reason for the second search. Having already searched the purse and found nothing dangerous in it, a second search, without additional circumstances to support it, amounts to a search based on not even bare suspicion.

*Reversed and remanded to vacate the adjudication of delinquency.*

Gross and Forst, JJ., concur.