DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**T.L.B.,** a child,
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D18-1907

[May 15, 2019]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Indian River County; Victoria L. Griffin, Judge; L.T. Case No. 312017CJ000296A.

Carey Haughwout, Public Defender, and Patrick B. Burke, Assistant Public Defender, West Palm Beach, for appellant.

Ashley B. Moody, Attorney General, Tallahassee, and Kimberly T. Acuña, Assistant Attorney General, West Palm Beach, for appellee.

WARNER, J.

Appellant challenges his adjudication of delinquency for possession of marijuana. He contends that a search conducted by the school resource officer violated the Fourth Amendment because no reasonable suspicion justified it. We agree and reverse.

The State filed a petition for delinquency against appellant, charging him with one count of possession of less than twenty grams of marijuana, a first-degree misdemeanor. Appellant filed a motion to suppress the evidence seized in a search of appellant during school. At the hearing, a school resource officer testified that appellant was seen in videos of a gang, and he had exhibited gestures associated with gang membership at school in the past. A video posted over nine months prior to this incident showed gang members singing lyrics that made the officer concerned that weapons might be brought to school. C.H., another student, appeared in some photos as another member of the gang. Appellant's gang and a rival gang were involved in altercations at school, but none involved weapons. In one of the gang photos, some members carried firearms, but not C.H. or

appellant. The officer related a past incident of fighting at school involving appellant and rival gang members, which occurred about five months prior to the incident in question. However, no altercations involved weapons, nor did the officer have any reports of appellant having weapons.

On the date of the incident, appellant had engaged in a verbal altercation with rival gang members. Later that afternoon, the school nurse testified that she saw C.H., who was an office aide, use the bathroom in the nurse's office, which he sometimes was allowed to do. Less than five minutes later, she saw appellant go into the same bathroom. He was allowed to use that restroom because of medical issues and was escorted to the area by a security officer. She thought it was strange, because C.H. had just been in there and she knew about the earlier altercation. She knew C.H. and appellant were friends and they were both in the same "group." She had a "gut" feeling that something was not right, but she observed nothing to suggest that either child had weapons or drugs on them. She approached the resource officer and told him of her concern. He directed her to search the bathroom, which she did but found nothing unusual.

The officer then brought appellant in and began to search his backpack. School was about to let out, and he was concerned about what might happen in the bus loop. He explained that he wanted to be proactive, not reactive. He was searching to see if appellant had possession of any weapons. He had a hunch that there might have been an exchange of a weapon, although the nurse had never mentioned a weapon, and he had never observed appellant with one. He searched appellant's pockets and then directed him to remove his shoes, where the officer found a small amount of marijuana, for which appellant was ultimately charged. After hearing the evidence, the court denied the motion to suppress, stating that the totality of circumstances justified the search. After the adjudicatory hearing, the court found appellant guilty of possession of marijuana.

Review of the trial court's application of the law to the facts in connection with a motion to suppress in a delinquency proceeding is de novo. *G.C. v. State*, 207 So. 3d 366, 368 (Fla. 4th DCA 2016). The standard for a search and seizure by a school official is one of reasonable suspicion. *See New Jersey v. T.L.O.*, 469 U.S. 325, 341-42 (1985). In *T.L.O.*, the Court relaxed the requirement for searches of students at school. Instead of probable cause, an official must have reasonable suspicion based upon the totality of circumstances:

> [T]he accommodation of the privacy interests of schoolchildren with the substantial need of teachers and

administrators for freedom to maintain order in the schools does not require strict adherence to the requirement that searches be based on probable cause to believe that the subject of the search has violated or is violating the law. Rather, the legality of a search of a student should depend simply on the reasonableness, under all the circumstances, of the search. Determining the reasonableness of any search involves a twofold inquiry: first, one must consider "whether the . . . action was justified at its inception," *Terry v. Ohio*, 392 U.S., at 20, 88 S. Ct., at 1879; second, one must determine whether the search as actually conducted "was reasonably related in scope to the circumstances which justified the interference in the first place," *ibid.* Under ordinary circumstances, a search of a student by a teacher or other school official will be "justified at its inception" when there are reasonable grounds for suspecting that the search will turn up evidence that the student has violated or is violating either the law or the rules of the school. Such a search will be permissible in its scope when the measures adopted are reasonably related to the objectives of the search and not excessively intrusive in light of the age and sex of the student and the nature of the infraction.

*Id.* (footnotes omitted). The question of reasonable or founded suspicion for a search of a student is viewed from the standpoint of a reasonable officer with this officer's training and experience; the officer may take into account the facts known to him. *G.C.*, 207 So. 3d at 368.

Reasonable suspicion in the context of school searches may involve a variety of factors. These may include:

the child's age, history and record in school; the prevalence and seriousness of the problem in the school to which the search was directed; the exigencies in making a search without delay and further investigation; the probative value and reliability of the information used as a justification for the search; and the particular teacher or school official's experience with the student.

*State v. D.T.W.*, 425 So. 2d 1383, 1387 (Fla. 1st DCA 1983). But as noted in *S.V.J. v. State*, 891 So. 2d 1221, 1223 (Fla. 2d DCA 2005), "[a] 'gut feeling' or hunch that something is wrong does not constitute a reasonable suspicion to justify the search."

In this case, the officer acted solely on a hunch. Although the officer may have reasonably concluded that appellant belonged to the same gang as C.H., the officer had no information that appellant had ever possessed weapons, nor that any weapons had been used or carried into school by any gang members. The altercation that morning was verbal, not physical. And the nurse's concern that something was wrong with two gang members using the bathroom in close succession was based upon no articulable facts or observations.

The State relies on *K.P. v. State*, 129 So. 3d 1121 (Fla. 3d DCA 2013), but that case is distinguishable. There, school officials received an anonymous tip that K.P. was carrying a firearm at school. *Id.* at 1124. An assistant principal took K.P.'s book bag and removed K.P. from the room. *Id.* A search of the book bag showed a loaded handgun. *Id.* K.P. sought to suppress the evidence, but the trial court denied the motion. *Id.* The Third District affirmed, explaining that a search in a school setting requires modification of the level of suspicion of illicit activity needed to justify a search. *Id.* at 1125-27. Thus, although the anonymous tip may not have been sufficient to justify a search outside a school setting, it would be reasonable for school officials to search based upon this specific threat to school safety. In this case, however, there was no articulable threat to school safety, unlike the tip of a weapon on the student in *K.P.* There were no tips or observations suggesting that either appellant or C.H. had any weapons at any time. That there was a video, recorded over nine months before the incident, showing other gang members with guns does not provide any specific, articulable facts that would suggest that the appellant had a weapon with him at school on that day.

Because the search of appellant was based upon mere suspicion, it did not meet the test of *T.L.O.* and violated appellant's Fourth Amendment right. The unlawful search led to the discovery of the marijuana, and it must be suppressed. As this was the sole evidence upon which the adjudication was based, we reverse and remand to vacate appellant's adjudication and disposition.

GROSS and FORST, JJ., concur.

*          *          *

***Not final until disposition of timely filed motion for rehearing.***